FIREMEN'S INSURANCE COMPANY OF NEW ORLEANS *v.* LEWIS HARPER GILLINGHAM and others.

Where property offered for sale under execution is mortgaged to secure the payment of notes, not yet due, with the accruing interest, the purchaser must retain in his hands enough to pay such notes, with interest to the day of sale, not to the period of the maturity of the notes.

GRIFFITH and Barnes are appellants from a judgment of the Commercial Court of New Orleans, *Watts*, J.

*W. W. King*, for the appellants. No counsel appeared for the appellees.

GARLAND, J. Under a judgment obtained, and execution issued thereon by the plaintiffs against the defendants, Griffith & Barnes became the purchasers, for $6000 cash, of a lot of ground and the improvements thereon, situated in the *faubourg* Delord. When the sheriff offered the property for sale, he read a certificate from the Register of Mortgages, stating that there was a mortgage on said property in favor of Louise Delord Burthe, wife of Dominique François Burthe, for $3600 and interest, prior to that of the plaintiffs; the certificate then says, 'which last mortgage and reversion are diminished each to the amount of seven hundred and twenty dollars.' It also appears there are several notes outstanding, which are secured by the same mortgage under which the plaintiffs claim, and consequently entitled to a concurrent privilege. The debt to Burthe will not be due for several years, but bears interest at a rate not stated. This interest is consequently secured by the same lien as the principal debt. None of the mortgages come up with the record; it is therefore difficult to understand the transac ions from the record, or to revise the calculations made by the judge of the

Commercial Court; but as the parties do not complain, we take them to be correct, if the principles he decides be so.

The question for us to decide, is what amount of the purchase money Griffith & Barnes are to retain in their hands to meet the mortgage in favor of Burthe, that is, whether they shall retain the principal and the interest due at the time of the sale, or the principal and interest accruing up to the maturity of the debt. The judge below decided the purchasers should retain in their hands the amount of Burthe's debt, and the interest to the day of sale; and we think he decided correctly.

The article 679 of the Code of Practice, says the purchaser may retain in his hands ' the amount of the privileges and special mortgages to which such property is subject.' To what privileges and mortgages was the property subject at the day of the sale? To none other than the principal and the interest then due. It is well known that a mortgage may be extinguished by the creditor acquiring the property of the thing mortgaged; we will then suppose that Burthe had become the purchaser of the premises sold, would not every one pronounce a claim on her part to retain in her hands the principal of her debt and the unaccrued interest, as approaching to an absurdity? That case would be something stronger than the present, yet we see no difference in the principle. There are some cases in which other persons than the creditor can extinguish the mortgage. Suppose one of them as applicable to the mortgage of Burthe; we presume that no syndic, or other person acting on such an occasion, would give a release for more than the interest actually due. The law and equity of this case seem to us to accord with the judgment of the Commercial Court.

*Judgment affirmed.*