*Eustis* and *Grymes*, for the appellants.

## The Merchants' Bank of New Orleans *v.* Samuel Jarvis Peters and others.

A sheriff, to whom an order for the seizure and sale of mortgaged property has been directed, has no authority to receive the amount of any other mortgage, nor any other sum than that which the writ commands him to make. If he take upon himself to receive money, not authorized by the writ, and to pay it over to persons not parties to the process, he does not act officially, and the sureties on his bond will not be responsible for his conduct    The purchaser, in paying to him what he had a right to retain, trusts him personally.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

Bullard, J.   The facts in this case are admitted to be, that the plaintiffs held one of a set of notes secured by mortgage, and Prudhomme another.   Prudhomme sued out an order of seizure and sale, the property was sold by Hozey, the sheriff, and the whole price of $20,000 was paid to the sheriff by the purchasers. The plaintiffs took a rule upon the sheriff to show cause why he should not be condemned to pay the amount due them on their mortgage note, with twenty per cent damages.   It was decreed accordingly, and execution was issued against the sheriff.   The

Merchants Bank was not a party to the proceedings provoked by Prudhomme, and the sheriff returned that the property was sold under Prudhomme's writ.

On this state of facts, the question arises, whether the sureties of the sheriff are liable for the sum received of the purchasers, and not paid over to the plaintiffs in this case as the holders of another instalment of the same mortgage.

The writ in the hands of the sheriff directed him to make out of the mortgaged premises the amount due to the seizing creditor, Prudhomme. If, in selling for that purpose, he ascertains that other mortgages or privileges exist on the property, his mode of proceeding is pointed out by various articles of the Code of Practice. He is to produce and read a certificate of mortgages. If the property be subject to a mortgage or privilege, the sheriff shall give notice, that the property is sold subject to all privileges and mortgages, with the condition that the purchaser shall pay into his hands whatever portion of the price for which the property shall be adjudicated, which may exceed the amount of the privileges and *special mortgages* to which such property is subject. Arts. 678, 679.

According to article 683, if there exists on the property any privileges, or special mortgages in favor of other persons, and which have a preference, the purchaser is entitled to retain in his hands, out of the price for which the property was adjudicated, the necessary amount to satisfy such mortgages ; and, consequently, according to the next article, if the bid does not exceed the amount of such incumbrances, there can be no sale.

, There is no provision of the existing law which requires of the sheriff, or authorizes him to receive the amount of other mortgages, or any other sum than that which his writ commands him to make on the execution. If he takes upon himself to receive money, which his writ does not authorize him to receive, and to pay it over to persons not parties to the process in his hands, it is plain that he does not act officially, and, consequently, the sureties on his official bond are not responsible. His authority to receive from the purchasers any thing more than what was due to the plaintiff is not shown, and the purchasers trusted the sheriff personally when they paid to him what they had a right to retain for the

plaintiffs, in the present case, in discharge of their mortgage. 16 La. 163.

It is, therefore, adjudged and decreed, that the judgment of the Commercial Court be reversed ; and ours is for the defendants, with costs in both courts.

*T. Slidell,* for the plaintiffs.

*Micou* and *Preston,* for the appellants.