## No. 947.

### O. P. ALFORD vs. MANUEL A. MONTEJO ET AL.

The judge a quo correctly sustained the defendants' exceptions, that the plaintiff has shown no cause of action, and that, if he has any right in the premises sold, he must proceed by the hypothecary action against the property and not by rule against the purchaser,

It appears that the plaintiff's mortgage is a *judicial* mortgage, and if the defendant's mortgage was not superior in rank, the plaintiff's remedy was to claim the proceeds by third opposition, or subsequently by the hypothecary action. It is only when there exist privileges or *special* mortgages which are preferred to the judgment creditor that the purchaser shall retain the portion of the price necessary to discharge said prior special mortgages or privileges.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train, J. Fred. Gates*, for plaintiff and appellant. *D. Caffery*, for defendants and appellees.

LUDELING, C. J. Manuel A. Montejo, a mortgage creditor of Rose, Allen & Co., obtained an order of seizure and sale against the property mortgaged, and at the sale he and L. F. Généres became the purchasers for the price of $11,360. The sheriff's returns state, that Montejo retained enough of the proceeds to satisfy his judgment and costs, and paid to T. D. Hine, a mortgage creditor, the sum of twenty-five hundred dollars out of the price; at least, this is stated to be a fact in the brief of the plaintiff and appellant. The returns are not in the transcript, which is very defective. It is further admitted, for the purposes of this trial, that "the certificate of mortgages read on the day of sale and attached to the writ of seizure and sale disclosed mortgages to a large amount, including those of the seizing creditor and Thomas D. Hine, of rank superior to that of the plaintiff, and that these exceed in amount the purchase price." The plaintiff's admission, it is stated, is not to imply that the mortgages existed in fact or were valid, but that they exist *prima facie*.

There is no evidence to rebut this *prima facie* proof, and the plaintiff's

demand would seem to be without foundation. But we think the judge *a quo* correctly sustained the defendants' exceptions, that the plaintiff has shown no cause of action, and that, if he has any right in the premises, he must proceed by the hypothecary action against the property, and not by rule against the purchaser.

It appears that the plaintiff's mortgage is a *judicial* mortgage, and if the defendants' mortgage was not superior in rank, the plaintiff's remedy was to claim the proceeds by third opposition, or subsequently by the hypothecary action. C. P., article 679. It is only when there exist privileges or *special* mortgages which are preferred to the judgment creditor that the purchaser shall retain the portion of the price necessary to discharge said prior *special* mortgages or privileges. C. P. 683.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.