The opinion of the court was delivered by
Manning, O. J.
A writ of fieri facias having issued in the case of Macarthy v. Wiltz, in 1866 Charles Bienvenu, in the capacity of sheriff of Orleans parish, seized certain property of the defendant, and after *86 due advertisement sold it to Mioton for twenty-seven hundred dollars. There were two mortgages on the property, both ranking the judgment of the plaintiff in execution. The first in rank, which was also a vend- or’s privilege, was that of Mrs. Bacas, the present plaintiff, and was-for $927.94. The second belonged to Mrs. Portier, and amounted toil,428.89. The property therefore brought $343.17 in excess of the amount of these two mortgages. Mioton, the purchaser, paid the-whole of his bid to the sheriff, and the sheriff did not pay any part of it-to Mrs. Bacas. She therefore took a rule upon him, or filed a third opposition in Maca-rthy’s suit, asking to be paid by preference out of the-proceeds of sale then in his hands, and there was judgment accordingly. No payment was made, and she now sues the present defendants, as sureties on the sheriff’s bond, to recover the amount of her mortgage.
The defences are numerous, and are elaborately developed. Among them are the pleas that the bond was never accepted by the proper-parties — that there were six sureties instead of two — that the bond was-void, or at best inchoate, and a mere pollicitation — that the sureties were-released by proceedings taken under an act of 1873 (Sess. acts, p. 123,) authorizing the Governor to cancel bonds, the proceedings being an application by Bienvenu to have his bond cancelled, made six years after Mrs. Bacas’ judgment against him, and more than five years after his sureties had been cited in this suit, which application was favourably considered, and the bond actually cancelled by the then acting governor.
We do not think the case of the defendants is strengthened by these defences. This cannot be said however of the second ground, i. e.. that Bienvenu, as sheriff, had no official capacity to demand and receive that portion of the price which belonged to those holding mortgages that ranked the seizing creditor, and therefore his sureties were not responsible therefor.
Whenever any property, sold by a sheriff, is subject to privileges or special mortgages in favour of other persons besides suing creditors,, the sheriff shall require from the purchaser only the surplus of price beyond the amount of the privileges or special mortgages, Code Prac.. art. 706, and the hypothecary action lies against the purchaser of such property in favour of creditors having such privileges and mortgages. Ibid. art. 709. The sheriff must give notice, before he commences the-crying, that the property is sold subject to such privileges and mortgages, and that the purchaser is required to pay in his hands only the-excess of the price, at which it shall be adjudicated, over those privileges and mortgages. Ibid. art. 679,
These provisions are very clear and unmistakeable. It is manifest-from them that the sheriff is neither required nor authorized to receive- *87 the amount of mortgages or privileges which prime that under which he is selling. His writ commands him to make a certain sum by and out of the sale of the property. The mortgages that are certified to him exhibit the sums for which the property is bound, and which must be satisfied, before the plaintiff in execution, whose writ he holds, is entitled to anything. If the price bid is insufficient to pay these sums, there can be no adjudication. Ibid. art. 684. If, as in this case, the highest bid exceeds the antecedent liens, the adjudication is valid and the sale complete, and the property passes to the purchaser, but passes, burthened with these antecedent liens, which can be enforced by the holders of them against the property in the hands of its new owner. All this is just, and is admirably contrived to prevent injury to debtor, creditor, or purchaser, and it follows from this, that when the' sheriff takes upon himself to receive money which his writ does not authorize him to receive, his sureties are not bound for the consequences of ap act which is outside of his official duty, and beyond his official authority. And such was early and emphatically declared to be the proper construction of the law. Merchants’ Bank v. Peters, 2 Rob. 214 reaffirming Pepper v. Dunlap, 16 La. 163.
It is equally true that a purchaser cannot exonerate himself from liability by paying that which the law has expressly commanded him not to pay. He is not only permitted to retain, but he is required to retain in his hands the amount of the liens in advance of that of the seizing creditor (Cummings v. Erwin, 15 Annual 289) and the day to which the interest upon them is to be calculated for retention has been fixed. (Firemen’s Ins. Co. v. Gillingham, 1 Rob. 305.)
These being the provisions of the Code regulating the conduct of all parties in judicial sales, how has the plaintiff conformed to them? It was said in oral argument that inasmuch as the property brought sufficient to pay the privileges and mortgages, antecedent to the judgment upon which the execution issued, the i laintiff conceived that she might as well claim her money out of the bid as to provoke another sale by hypothecary process against the property in the hands of the purchaser. And so she could, but the demand should have been made of that purchaser for payment out of the sum retained by him. If he refused, she had immediate recourse against the property. She chose apparently to abandon her right against the property, and recognizing the payment to the sheriff of her portion of the price as a “ deposite for safe-keeping,” (for that is the language of the Rule) she abdicates the high rank which the law assigned her, and descended to that of a claimant of funds, irregularly and unlawfully deposited with an officer who had no right to receive them. Whatever rights she may have against others, it is very clear that she cannot mulct the sureties of the *88 sheriff for her own error in proceeding against their principal to compel payment of that which the purchaser was compelled to pay her, or submit to have the property 'resold for the satisfaction of her claim. Therefore
It is ordered, adjudged, and decreed that the judgment of the lower Court is avoided and reversed, and that there be now judgment in favour' of the defendants upon the demand of the plaintiff, and that the defendants recover of the plaintiff their costs in the lower court, and the costs of appeal.