No. 2542.

Second Circuit.

---

GUARANTY BANK AND TRUST COMPANY v. SCOTT, ET AL.

---

(February 8, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Mortgages—Par. 203.

Under Articles 679, 683 and 706 of the Code of Practice the purchaser must retain in his hands such an amount of the purchase price as will be sufficient to cover the amount of the privileges which are superior to the claim under which the property was sold; but if the purchaser passes this to the sheriff he thereby constitutes the latter, his own agent, for that purpose.

2. Louisiana Digest—Mortgages—Par. 197, 203.

The holder of a privilege, a paving lien, under Act 27, Extra Session of 1915, is entitled to recover judgment against a purchaser of a property at judicial sale made under a special mortgage, when the amount of the bid sufficient to cover the privileges was paid by the purchaser to the sheriff, and to have the privilege recognized and enforced against the property in the hands of the purchaser.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides, Hon. R. C. Culpepper, Judge.

Action by Guaranty Bank and Trust Company against R. M. Scott, et al.

There was judgment against the purchaser, J. H. Hempen, of the property at sheriff sale, and J. H. Hempen, one of the defendants, appealed.

Judgment affirmed.

Hakenyos, Scott and Provosty, of Alexandria, attorneys for plaintiff, appellee.

G. P. Whittington, of Alexandria, attorney for defendants, appellants.

WEBB, J. This is an action to enforce a paving privilege against property purchased by the defendant J. H. Hempen at sheriff's sale, under executory proceedings in the enforcement of a special mortgage.

The City of Alexandria, Rapides Parish, instituted proceedings under Act No. 27, Extra Session of 1915, and amendments thereto, for paving Marye Street from Bolton Avenue to 25th Street, and after the completion of the work passed an ordinance accepting the paving and levying and assessing the cost against the abutting property, among which were lots 17 and 18, square 13, Marye Street, against which eight hundred and thirty and 57-100 dollars was assessed under the name of R. M. Scott, and a copy of this ordinance was inscribed in the mortgage records of Rapides Parish on March 2, 1921.

R. M. Scott paid one-fifth of the amount of the assessment and gave four paving certificates for the balance, one being for the sum of one hundred and sixty-six and 11-100 dollars, dated at Alexandria, Louisiana, February 28, 1921, due four years after date, passed, in due course, into the hands of the Guaranty Bank and Trust Company.

Proceedings under executory process were instituted by J. F. Peterman against R. M. Scott, under which the above described lots were seized and sold by the sheriff of Rapides Parish to J. H. Hempen on September 29, 1923, for the sum

and price of sixty-three hundred dollars, which amount was paid by the purchaser into the hands of the sheriff, and following a deed was given by the sheriff to Hempen, which was recorded in the conveyance records of Rapides Parish on October 13, 1923.

On April 22, 1925, the Guaranty Bank and Trust Company instituted the present action against R. M. Scott and J. H. Hempen, in which it is sought to obtain judgment against them for the amount shown by the paving certificate, with six per cent per annum interest from February 28, 1921, and ten per cent attorney's fees, less a credit of forty-five and 22-100 dollars, and for recognition and enforcement of the privilege on the property above described.

Service was not made on R. M. Scott.

J. H. Hempen answered, especially pleading the sheriff's sale made to him in the proceedings under executory process, and that the property passed to him free and clear of all privileges and mortgages.

Judgment was rendered against Hempen for the amount claimed, with recognition of the privilege asserted against the property, and Hempen appeals.

OPINION.

This cause presents for determination the following questions:

Is the holder of a privilege (paving lien under Act No. 27, Extra Session of 1915) entitled to recover judgment against a purchaser of the property at judicial sale made under a special mortgage, when the amount of the bid (sufficient to cover the privilege) was paid by the purchaser to the sheriff, and to have the privilege recognized and enforced against the property in the hands of the purchaser?

While we have not been directed to a decision covering the exact point, we have been unable to find any holding the negative.

The articles of the Code of Practice applicable to sales under a fi fa have been held to apply in cases where the sale is made under executory process (Pepper vs. Dunlap, 17 La. 170), and under Articles 679, 683 and 706 it appears that the purchaser must retain in his hands such an amount of the purchase price as will be sufficient to cover the amount of privileges which are superior in rank to the claim under which the property was sold.

In Bacas vs. Hernandez, 31 Ann. 86, where the purchaser at a sale made under a fi fa had paid the full amount of the bid into the hands of the sheriff, although there were special mortgages and vendor's privileges, superior in rank to the seizing creditor, the court said:

"The sheriff is not authorized to receive from the purchaser of property at judicial sale the amount of the mortgage or privilege debts which rank the claim of the seizing creditor."

Also:

Firemen's Ins. Co. vs. Gillingham, 1 Rob. 305.

Hibernia Nat. Bank vs. Smith, 27 La. Ann. 60.

Merchants Bank vs. Jarvis, 5 Rob. 214.

Alford vs. Montego, 28 La. Ann. 593.

And in Forrey vs. Strange, 158 La. 950, 105 South. 21, it was said:

"It is well settled jurisprudence in this state that it is the duty of a purchaser at a sheriff's sale to pay to the sheriff only the amount called for by the writ, and to retain in his own hands the amount of his bid in excess thereof to be applied to the payment of junior mortgages; and if he fails to do so, but pays same to the sheriff, he constitutes the latter his own agent for that purpose; and an application by the sheriff of such surplus to the payment of other claims cannot prejudice the junior mortgagees, who may proceed against

the property by the hypothecary action aforesaid. Code of Practice, 707, 708, 709; Pepper vs. Dunlap, 16 La. 163; Merchants Bank vs. Peters, 2 Rob. 214; Scott vs. Featherston, 5 La. Ann. 306; Quertier vs. Succession of Hille, 18 La. Ann. 65; Johnson vs. Duncan, 24 La. Ann. 381; Bacas vs. Hernandez, 31 La. Ann. 86; Robinson vs. Cosner, 136 La. 595, 67 South. 468."

We are of the opinion that the same rule should be applicable where the sale is made under a special mortgage which is inferior in rank to a privilege bearing upon the property.

The judgment is affirmed.