No. 13,839.

HENRY ASH VS. THE SOUTHERN CHEMICAL AND FERTILIZING COMPANY, LIMITED.

### SYLLABUS.

1. The sheriff has a standing in court in a proceeding against an adjudicatee to set aside an adjudication because of non-payment of the amount of the bid.
2. Such proceeding may be by rule.
3. Where, by the certificate of mortgages read at the sale, there appears to be outstanding special mortgages resting on the property sold, the adjudicatee, after paying to the sheriff the amount of the writ and costs, may retain in his hands, to satisfy said outstanding mortgages, the surplus of the purchase price.
4. The nullity resulting from the sheriff's failure to announce that the adjudicatee shall have the right to retain in his hands the surplus of the purchase price, as stated in number 3, is relative, and the sheriff is without interest and without standing to invoke the same.
5. And, even if the sheriff had such standing, he could not be permitted to urge such nullity in the present proceeding, which is based on the theory of there having been a valid sale of which the adjudicatee has failed to pay the price.

A PPEAL from the Civil District Court, Parish of Orleans.— *Sommerville, J.*

*Dinkelspiel & Hart,* and *Buck, Walshe & Buck,* for Metropolitan Bank and Germania Savings Bank, Plaintiffs in Rule, Appellees.

*Kernan & Gowland,* for Plaintiff and J. Q. Gowland, Adjudicatee, Defendants in Rule, and Appellants.

The opinion of the court was delivered by PROVOSTY, J.

On Application for Rehearing by PROVOSTY, J.

PROVOSTY, J. Under a writ of seizure and sale issued in this case, to satisfy one of a series of one hundred and fifty bonds of one thousand dollars and interest, each, a piece of real estate in the City of New Orleans, specially mortgaged to secure the payment of said bonds, was adjudicated to Joseph Q. Gowland, for cash. Gowland offered to pay the amount of the writ and costs, claiming the right to

retain in his hands the remainder of the purchase price, because of the aforesaid special mortgage securing the said other 149 bonds; which mortgage appeared by the certificate of mortgages read at the sale to be outstanding against the property. The sheriff insisted upon the payment of the price of the adjudication; and, together with the two other plaintiffs, the Metropolitan Bank and the Germania Savings Bank, the two banks alleging themselves to be creditors, holders of some of the said 149 outstanding bonds, has instituted the present proceeding by rule to set aside the said adjudication.

The only ground alleged for setting aside the adjudication is the failure of the said purchaser to pay the price. Gowland, the purchaser, excepted, that the motion for the rule shows no cause of action; and that the proceeding should have been by ordinary suit and could not be by rule. Further, and with reserve of said exceptions, he pleaded the general denial.

There is in the record no proof of the allegation that the banks, plaintiffs in rule, are holders of bonds, as alleged, or are creditors at all; hence the case on this appeal must be considered as if the sheriff were sole plaintiff.

The proceeding to set aside an adjudication is a mere incident to the suit, and may, therefore, be by rule.

The sheriff has a standing to set aside the adjudication on the ground alleged, namely, the refusal of the adjudicatee to comply with his bid. Where the adjudicatee fails to comply with his bid, the sheriff may disregard the adjudication, and proceed to another crying of the property. Lehman vs. Ranson, 27 Ann. 279. All the more has he a standing to have the court pass on the question, whether the adjudication should be set aside or not.

But the property sold being burdened with a special mortgage concurrent with that to satisfy which the sale was made, the purchaser was well founded in his claim of the right to retain the remainder of the price after satisfying the writ and the costs. In the case of Johnson vs. Duncan, 24 Ann. 381, this court said:

"The defendant was bound to retain in his hands, for the benefit of the plaintiff's note, the *pro rate* of the price coming thereto by law, and to pay the same with interest when demanded."

In the case of Morris vs. Cain's Executor, 34 Ann. 663, this court said:

"It is another well settled principle that a purchaser at a judicial sale made to satisfy a writ is not bound to pay to the sheriff, whatever the price of the adjudication may be, an amount exceeding that called for by the writ; that if he assume to do so, creditors entitled to a mortgage or privilege, cannot be thereby deprived of their security; that he constitutes the sheriff individually his agent, and would have no recourse against his surety in case of a diversion of funds."

Because the sheriff did not announce that the purchaser should have the right to retain the price is no reason why the right should not exist. The right is given by the Code in all cases where there are special mortgages. True the sheriff is required to make the announcement in question, and this under pain of the nullity of the sale; but the nullity is relative only, not absolute (2 Ann. 617, 861; 9 Ann. 214, 218; Southern Mutual Ins. Co. vs. Pike, 33 Ann. 823); and surely the sheriff is not the proper party to invoke it. Besides the present proceeding is grounded on the failure of Gowland to pay the price, nor on the nullity of the sale. The theory of the proceeding is in affirmance of the sale, whereas this contention of the sale having been null, is in denial of a sale.

The contention is inconsistent with the theory of the proceeding and savors of afterthought.

The contention that the sale was made for cash, and that therefore the purchaser must pay cash, is met in express terms by Article 706 of the Code of Practice, which reads as follows:

"But when the property sold is subject to privileges or special mortgage in favor of other persons besides the suing creditor, the sheriff shall require from the purchaser, and he shall be compelled to deliver to the creditor, *whether the sale be made for ready money or on credit,* only the surplus of price beyond the amount of the privileges or special mortgage, if there be any surplus."

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled and reversed and that the rule herein be dismissed at the cost of the plaintiff in both courts.

## ON APPLICATION FOR REHEARING.

PROVOSTY, J. In the original opinion we said:

"There is in the record no proof of the allegation that the banks, plaintiffs in rule, are holders of bonds, as alleged, or are creditors at

all; hence the case on this appeal must be considered as if the sheriff were sole plaintiff."

On application for rehearing, counsel for the Metropolitan and Germania Savings Banks call our attention to the fact that there is in the transcript a supplemental transcript, and that by this supplemental transcript it appears that Mr. Gowland was attorney for plaintiff in a rule taken on the Banks in which rule it is alleged that the Banks are owners of the bonds in question; and counsel contend that this judicial allegation made by Gowland, as attorney, was binding on him individually to the extent of dispensing the Banks from making proof of their ownership of the bonds.

We entirely agree with that view, and frankly confess that this supplemental transcript, consisting of a few sheets loose in the transcript, escaped our attention.

But our decision was not based mainly on the fact that the banks had failed to make this proof of their ownership; we never doubted that the Banks were owners of the bonds, and that if the proof had not been made, the reason was that the fact was one as to which there could be no serious dispute; hence, if the decision of the case had turned on this question of ownership, we should, in all probability, have considered whether the absence of this easily made proof was not mere accident, and whether, in justice, the case should not be remanded for further proof; our decision was based on another ground, on which the co-litigant of the Banks had equal standing with them to litigate.

As to this other ground, we adhere to the views expressed in the original opinion. The pleadings of the plaintiffs allege that there was a sale, and that the defendant failed to pay the price of this sale. Not a word do the pleadings contain in denial of the sale and of its perfect validity. The sole and only question involved under the pleadings is as to whether, where a sale has been made for cash, the purchaser may retain part of the price to satisfy mortgages. We thought the Code of Practice answered that question and after reconsideration of the matter we feel constrained to adopt again the same conclusion.

Rehearing refused.