JOHN D. NIX, JR.,

versus

ALEXANDER MADISON.

****

By Dinkelspiel; J.

Dinkelspiel; J.

It is evident from an examination of both these records that they ought to be consolidated, for the reason that they are interwoven and bring before this Court the same subject matter and therefore the consolidation and the motion must prevail.

The question presented for our consideration has been passed upon in the same proceedings by this Court, No. 7900 of its docket and the syllabus in that case reads:

"A Sheriff's proces verbal of a sale fulfills all the requirements of the Code of Practice and is of itself a complete deed.

The seizing creditor who becomes the adjudicatee of property may retain in his hands such a proportion of his bid as will satisfy his claim and is bound to withhold the balance to pay special mortgages or privileges or the debtor himself.

He has no right to pay and the Sheriff has no right to receive an amount in excess of his writ the duty of the Sheriff under Article, Code of Practice 670, to announce that the purchaser shall retain in his hands the amount of superior privileges and special mortgages is only a relative duty in the interest of the owner and of subsequent mortgagees and not absolute and does not affect the validity of the sale."

It appears to us, clear that the property in dispute in the first suit is the same identical property which was declared to be property sold under a judgment of the First City Court of the Parish of Orleans and bought in by Joseph Petrie & Company.   They paid into the hands of the Constable sufficient money to satisfy the writ in that case and that was all that was necessary, as decided by this Court.   The property was adjudicated to the defendants on April 19th, 1915 and the proces verbal of sale made to them of that date and registered in the Conveyance Office October 11th, 1915;   the adjudication in the Succession of Madison was made on October 15th, 1915, three days

840

after the registry of defendant's proces verbal, but it was there contended that the proces verbal was not an absolute transfer of the above property to Petrie & Company.    This contention, said the Court is not supported by law or authority, quoting Article 690 of the Code of Practice, Civil Code 2608 (2586); Article 691, 692 and 693 of the Civil Code discloses that the Sheriff shall pass an act of sale to the purchaser and state what the act of sale shall contain and Article 694 directs the Sheriff to sell to the purchaser all the rights of the debtor to the thing sold and Article 695 of the Civil Code concludes "This act of sale adds nothing to the force and effect of the adjudication but is only intended to afford the proof of it, consequently if the Sheriff has omitted any of the formalities above prescribed the adjudication shall not be void on that account if it otherwise appears that it was made by virtue of a legal authority and all the formalities requisite for its validity."

"That there is nothing to show that the defendants have made any further payments on the purchase price of said property other than the original deposit of $53.50 and that in as much as the terms of sale were cash, the defendants have no title until they have paid the Constable the entire pric? of adjudication."

The Court adds such is not the law or jurisprudence.

In that entire controversy this Court has decided, quoting numerous authorities that the defendants there got a complete title to the property in question.

Notwithstanding the decision of this Court, the plaintiff, Nix, in the Succession of Alexander Madison, had appointed a curator ad hoc and there attempted and did seize the identical property bought by Petrie & Co. and the latter filed a petition for injunction in the Civil District Court in the same case, entitled "John D. Nix, Jr. vs. OAlexander Madison," being 111,202 of the docket of said Court and amongst other allegations claimed that the seizure of petitioner's said property is illegal, null

and void because the property of petitioner could not be seized in proceedings in which they were not a party and without notice and further that Madison was dead long prior to the issuance of the writ of Fi Fa and no proceedings could be carried on against a dead person and further that said property was not the property of Madison but the property of petitioners and that John D. Nix, Jr., the plaintiff had full notice of the sale and adjudication and was present and bidding at the sale made by the Constable and that he, Nix, had intervened in said proceedings in the First City Court, recognizing petitioners' title to said property.

On motion to dissolve the injunction made by the attorneys of Nix, that on the face of the papers taking all the allegations of the petition as true, there was no case and various grounds unnecessary at this time to state.

There was also filed an exception of no cause of action and further that the case had not been properly allotted.

After hearing the Court maintained the injunction, dissolved the writ with damages and also maintained that the case had not been properly docketed and from these judgments there is this appeal.

We have endeavored to give in as concise terms as possible, all the issues involved in this case and coming to the conclusion that the case No. 7900 of the docket of this Court, entitled John D. Nix, Jr. vs. Joseph Petrie & Co. Ltd., this Court had fully and finally determined this case and parties interested bound thereby and having quoted from the opinion of this Court, giving its reasons, we see no necessity of further discussxkmgxkkkxxkxx sion and we are of the opinion that the Judge erred in dissolving this injunction with damages and that he further erred in maintaining the exceptions of no cause of action.

Code of Practice, Article 685.
Ash vs. Southern Chemical & Fertilizer Co. 107 La. 312.
Robinson & Co. vs. Cosner, 136 La. p. 595.

We are of the opinion that whatever claims plaintiff makes as against the proceeds of sale, in the hands of Petrie & Company and whatever claims there may be by Petrie against the property in question, can be and must be litigated in these proceedings, now ordered consolidated; together also with whatever claims and counter claims the parties may have against each other growing out of the rents and revenues received or due by Nix, and the expenditures made by him on account of the property; to the end of establishing what balance if any is due Nix on the note herein sued upon, and how much of the price of sale due by Petrie may remain to pay the said balance.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the District Court be and hereby is annulled, reversed and that there now be judgment in favor of Petrie & Company, maintaining the writ of injunction and that the exception of no cause of action and the further exception of want of allottment be and the same are hereby overruled and this case reamnded to be proceeded with in accordance with law and the views herein expressed, at cost of said Nix in this Court and costs in the lower Court to await final judgment.

Judgment reversed and remanded.

NO. 8389-8419.  STATE OF LOUISIANA

JOHN D. NIX, JR.

  VS  COURT OF APPEAL

ALEXANDER MADISON.  PARISH OF ORLEANS.

ON APPLICATION FOR REHEARING.

PER CURIAM:

Plaintiff complains of our judgment generally, as to which we can only refer to our former opinion. He complains specially that in the last clause of that opinion we have denied his mortgage and vendor's lien rights against the property itself, and reserved him only a personal claim against Petrie & Co, the owners of the property.

However we may have expressed ourselves, we intended no such result, as shown by our decree; which is strictly in accord with a decree handed down this day in the matter entitled Schilkoffsky vs Marmillon, (No. 8134 of our docket). Plaintiffs mortgage and vendor's lien rights are fully preserved.

We did not decide in our decree of February 21st 1921 (Nix vs Petrie, No 7900) that Petrie's privilege was superior to that of Nix, or vice versa; on the contrary we said; "it is immaterial in this case whether plaintiff§s claim was superior or not to the defendant's on the

844

property seized". So that that question is left quite open.

We regret that we cannot make ourselves clearer about a matter which to us seems quite clear. Again we refer to the Schilkeffsky case, supra.

Rehearing Refused.