### Jacob W. King v. Henry C. Dwight, Executor.

Subrogation, whether legal or conventional, invests the person in whose favor it takes place, with all the rights, actions, privileges, and mortgages of the creditor against his debtor.

One who has paid the debt due to a plaintiff, and been expressly subrogated to his rights, may take out execution against the defendant. Such an express subrogation, is equivalent to an authority to use the plaintiff's name in prosecuting the suit for the recovery of the debt.

King v. Dwight, Executor.

APPEAL from the District Court of St. Mary, *King*, J.

*W. C. Dwight*, for the appellant.

*Maskell*, and *Lewis*, for the defendant.

MORPHY, . The petitioner has appealed from a judgment dissolving an injunction he had obtained to arrest the execution of an *alias fieri facias*, on the ground that he had paid the full amount of his debt. It appears from the record that Henry C. Dwight, as executor of Gideon Boyce, had caused certain property to be seized in the hands of one James Swan. That the same was sold in due course of law, at a credit of twelve months, and was adjudicated to the present plaintiff on the 7th of July, 1838. That, on the twelve months' bond becoming due, an execution was issued on it against the plaintiff, and his sureties. That on the 22d of August, 1839, plaintiff's debt having been reduced to $1240 58 by the sale of his property and divers partial payments, this balance was paid to the said executor by Thomas Maskell, who received from him a subrogation to all his rights as plaintiff in the suit in which the twelve months' bond had been taken. Under this subrogation Maskell sued out, in the name of the original plaintiff, the execution which is now enjoined. The appellant has not shown that the money paid by Maskell belonged to him, or that Maskell had paid it as his agent, or in his discharge. Maskell, on the contrary, appears to have acted on his own behalf, and took care to secure himself, by procuring from Dwight an express subrogation to all his rights. The well known effect of a subrogation, whether legal or conventional, is to vest in the person in whose favor it takes place, all the rights, actions, privileges, and mortgages of the creditor against his debtor ; it, therefore, in our opinion, entitled Maskell to all the remedies existing in favor of Dwight, and he could take out an *alias* execution in the same manner as the latter himself could have done. Civ. Code, 2156. This right has, however, been denied by the counsel for the appellant. He has referred us to the case of *Fluker* v. *Turner*, 5 Mart. N. S. 707, in which we held, that he who has an interest in a judgment, without being a party on record, cannot control the execution. In that case, a creditor of the plaintiff had caused his judgment to be seized on execution, and all the latter's interest in it had been sold to the defendant in the

suit. The person who subsequently took out an execution, could not pretend to derive any authority from the plaintiff, or to exercise his rights, which had all been sold to the defendant in the suit, as, in the present case, the original plaintiff's rights and remedies have all been transferred to Maskell. Dwight's express subrogation was equivalent to an authority conferred on Maskell, to use his name in prosecuting, as he could have done himself, the recovery of the debt which he had just been paid, and which he transferred to Maskell in consideration of such payment.

*Judgment affirmed.*