## PAYNE & HARRISON v. S. N. RAUDON.

An execution levied on a slave creates a privilege, under Art. 722 C. P., superior to that which results
from the registry of a judgment subsequent to the levy.

APPEAL from the Fourth District Court of New Orleans, *Waterman & Co.*, intervenors, *Reynolds*, J.

*Chilton*, for plaintiff. *Mott & Fraser*, for intervenors and appellants.

VOORHIES, J. (OGDEN, J., declined sitting) On the 3d of July, 1851, the defendant being indebted to the plaintiffs in the sum of $1200, evidenced by a promissory note, mortgaged to them certain slaves to secure the payment thereof. The act of mortgage, executed in New Orleans, recites that the defendant is of the parish of Avoyelles. The plaintiffs obtained from the Judge of the Fourth District Court of New Orleans an order of seizure and sale on this mortgage. At the foot of the petition praying for the same, the defendant waived the notice of seizure and authorized the Sheriff to proceed and advertise for sale the boy *Henry*, one of the mortgaged slaves. On the 22 l of October, 1852, the boy *Henry* was advertised by the Sheriff for sale, and afterwards regularly adjudicated to *William O. Denegre* for the price of $1190 cash, which, by consent of plaintiffs, remained deposited in the hands of the purchaser.

*J. Waterman & Co.* filed a third opposition, claiming to have a preference on the proceeds of the sale, resulting from a judgment in their favor, recorded in the parish of Avoyelles, the domicil of the defendant, their judgment debtor. That a writ of fieri facias, issued on their judgment, was directed to and received by the Sheriff of the parish of Orleans "prior to the sale but *after* the seizure of the slave *Henry* under the order of seizure and sale." That the act of mortgage under which the plaintiffs *sold* was never recorded, either in this parish or the parish of Avoyelles, and as against them it has no effect.

The judgment of *Waterman & Co.* appears to have been recorded in the parish of Avoyelles on the 26th of October, 1852. According to the evidence, *Raudon*, the defendant, was previously engaged in business as a merchant in Avoyelles. In September, 1852, he sold out all his property and removed from that parish to New Orleans, declaring at the time his intention of making the latter his future domicil, and in which he has resided ever since the 1st of October, 1852.

The Code of Practice, Article 722, declares: "The creditor, by the mere act of seizure, is invested with a privilege on the movable and immovable property thus seized, which entitles him to a preference over other creditors, unless the debtor has become bankrupt previous to the seizure." The plaintiffs' execution having been levied on the property previous to the registry of the third opponents' judgment, it is clear under this provision of the Code that the District Judge did not err in rejecting the demands of the third opponents.

It is therefore ordered and decreed that the judgment of the District Court be affirmed with costs.