## C. Cummings and Husband *v.* J. H. Erwin.

Where the tutor of a minor dies out of the State in hopeless insolvency, leaving no property whatever upon which to administer, the minor cannot be required, under the circumstances, to sue for a rendition of accounts, as a condition precedent to the institution of the hypothecary action.

Where property has been sold to satisfy a mortgage claim, as a general rule, the payment to the Sheriff will not exonerate the purchaser, for the latter is required to retain the balance in his hands in order to satisfy special mortgages of subsequent date. The Sheriff has no right to collect this surplus ; but at the same time, if the funds are paid over to him, and he pays the special mortgage, the purchaser is thereby exonerated.

APPEAL from the District Court of the Parish of Iberville, *Beale,* J.

Samuel *Matthews,* for plaintiffs and appellants. *Barrow & Pope,* for defendant.

Voorhies, J. The plaintiff sets up a right of mortgage on property formerly belonging to the community between her deceased father and mother, but now held by the defendant, by virtue of a purchase at Sheriff's sale. After the death of her father, the property in question was adjudicated to her mother, under the provisions of Article 338 of the Civil Code. Subsequently, this property was sold for the purpose of satisfying the mortgage and vendor's privilege, which encumbrances were superior in point of dignity and date to the mortgage reserved in favor of the plaintiff. The defendant paid over the purchase price to the Sheriff, who, in his return, states that he " paid the same over to the parties entitled thereto, after deducting the costs."

Two questions are presented for adjudication. The first, whether the plaintiff can institute this hypothecary action, without having previously obtained a judgment against her tutrix; and the second, whether the payment to the Sheriff has exonerated the defendant.

I. The plaintiff's tutrix died out of the State of Louisiana, in hopeless insolvency, leaving no property whatever upon which to administer. The plaintiff cannot be required, under the circumstances, to sue for a rendition of account, as a condition precedent. *Lex non cogit ad impossibilia.*

II. The Code of Practice provides, Art. 707 : That " the Sheriff shall require of the purchaser, the payment of the price, to the amount of the privilege or special mortgage of the seizing creditor, and the purchaser shall apply the surplus of the price, if there be any, to paying the special mortgages existing on the property, subsequent to that of the suing creditor."

As a general rule, the payment to the Sheriff will not exonerate the purchaser ; for the latter is to retain the balance in his hands, in order to satisfy special mortgages of subsequent date. The Sheriff has no right to collect this surplus ; but, at the same time, if the funds are paid over to him, and he pays the special mortgagee, it is evident that the purchaser is thereby exonerated.

It must be remarked, in the present cause, that the tutrix was, in her individual and representative capacity, the seized debtor ; and that it was to her, that the surplus funds, if any, were to be remitted by the Sheriff.

From the Sheriff's return, we might infer, that the balance was paid over to the plaintiff's tutrix. We will, however, not conclude the party, but remand the case to enable her to disprove this fact.

37

It is, therefore, ordered and decreed that the judgment of the District Court be avoided and reversed, and that this cause be remanded for further proceedings according to law, the appellee paying the costs of appeal.

DUFFEL, J., absent.