## B. W. HUNTINGTON *v.* THE CRESCENT CITY BANK.

Whenever a notice of protest for non-payment of any bank note, as described in the section 19 of the Act, approved March 15th, 1855, shall be lodged in the District Court, verified by the affidavit of the creditor, that the amount is still due and unpaid, it shall be the duty of the Judge of said Court forthwith to order notice of the same to be served upon the Attorney General of the State, and it shall be the duty of the Attorney General, receiving said notice, immediately to ascertain whether there be any legal or equitable defence to the payment of said note; and, if in his opinion, there be no such defence, he shall forthwith apply to said Court, by petition, for a writ of sequestration against all the property, and assets of the bank, whose note has been protested as aforesaid, and for judgment of forfeiture, upon filing said petition, such sequestration shall issue, and it shall be the duty of the Court at once to appoint three liquidators, who shall give such security as the Court may order. Said bank shall be allowed three days to answer said writ; the cause shall be heard in preference to all other cases, and should there be no sufficient legal or equitable defence established to the payment of said note, judgment of forfeiture shall be entered up.

A judgment by default must first be taken in all cases before a final judgment can be obtained.

The Attorney General is the proper person to represent the State, in place of the plaintiff, for the forfeiture of the Charter of a Bank.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. Hon. B. L. *Lynch*, Attorney-General, for the State. *Fellows & Mills*, for defendants and appellants.

. LABAUVE, J. This suit is brought to obtain a judgment of forfeiture

of the charter of said Bank.

These proceedings, evidently commenced under the 20th section of the act entitled an act to establish a general system of free banking in the State of Louisiana, approved 15th March, 1855; but the said section was amended and re-enacted by an act approved on the 18th March, 1858. See Act No. 287 of the Legislature of 1858. By this amending act, it is provided that, whenever a notice of protest for non-payment of any note, as described in the section 19 of the said act, approved March 15th, 1855, shall be lodged in the District Court, verified by the affidavit of the creditor, that the amount is still due and unpaid, it shall be the duty of the Judge of said Court forthwith to order notice of the same to be served upon the Attorney General of the State, and it shall be the duty of the Attorney General, receiving said notice, immediately to ascertain whether there be any legal or equitable defence to the payment of said note ; and if, in his opinion, there be no such defence, he shall forth-with apply to said Court, by petition, for a writ of sequestration against all the property and assets of the bank whose note has been protested as aforesaid, and for judgment of forfeiture; upon filing said petition, such sequestration shall issue, and it shall be the duty of the Court at once to appoint three liquidators, who shall give such security as the Court may order. Said bank shall be allowed three days to answer said suit ; the cause shall be heard in preference to all other cases, and should there be no sufficient legal or equitable defence established to the payment of said note, judgment of forfeiture shall be entered up. *   *   *   *

On the 6th May, 1865, B. W. Huntington filed his petition in the lower Court, with a protest for the non-payment of a one hundred dollar note of said Bank, verified by his affidavit as creditor that the amount was still due and unpaid. He prayed for a sequestration, for the appointment of a receiver, for a citation upon the bank, and for a judgment of insolvency. On the same day the Court ordered a sequestration to issue, appointed a receiver, and ordered the said Bank to show cause, within ten days, why the said note was not paid on presentation. The bank was served with citation and petition on the 10th of same month. On the 11th, on motion of Huntington, it was ordered that the entire proceedings be served on Hon. B. L. Lynch, Attorney General, to be proceeded in ac-cording to law. On the same day, it was ordered by the Court, on mo-tion of J. Q. A. Fellows, of counsel for the Bank, that plaintiff show cause, on the 16th of same month, why the sequestration and appoint-ment of receiver should not be set aside and the proceedings dismissed, on the ground that the entire proceedings were unauthorized by law.

The Attorney General filed, on the 15th of May, 1865, a petition of in-tervention, stating that he has ascertained that there is neither a legal nor equitable defence to the payment of said note, and praying, among other things, that the Crescent City Bank be cited to appear within three days,

and that a forfeiture may be decreed, etc.   The Bank was duly served with this petition and citation, on the 18th of same month.

The District Court, without having passed on the rule taken by defendant upon plaintiff, to show cause why the proceedings should not be dismissed, and without a previous judgment by default, proceeded to render a final judgment of forfeiture, on the 27th May, 1865.   The Bank, having failed in a motion for a new trial, on divers grounds, took this appeal.

We are of opinion that this final judgment is erroneous, no judgment by default having been previously rendered.   We understand this to be a regular suit by the State against the Bank, to have the forfeiture of its charter declared by a judgment of the Court, with this difference from ordinary cases, that the defendant has only three days to answer, instead of ten days, and the cause is to be heard in preference to all other cases. The Attorney General, having ascertained that there is no legal or equitable defence to the payment of any protested note of the Bank, shall forthwith apply to the Court where the notice of protest has been lodged, by *petition*, for a writ of sequestration       *       *       *       * and for judgment of forfeiture.       *       *       *       *       *

*Said Bank shall be allowed three days to answer said suit.*   Here commences a regular suit in forfeiture of the charter of the Bank, in the name of the State as a party plaintiff, and not as intervenor as miscalled in this case; and it becomes the duty of the Attorney General to prosecute the suit through, without the interference of the party who lodged in Court the notice of protest.   The writ of sequestration ordered and the appointment of a receiver made by the Court, on the 6th of May, 1865, on the application of B. W. Huntington, were unauthorized by law, and premature.   It is only on the appearance and application of the Attorney General that this writ of sequestration can issue.

It is therefore ordered, adjudged and decreed, that the final judgment appealed from and the order of the 6th May, 1865, authorizing the sequestration and appointing a receiver, be annulled, avoided and reversed, and that the case be remanded, to be proceeded according to law.