<hr />

No. 3172.—C. H. SLOCOMB *v.* JOHN R. WILLIAMS.—Third Opposition of W. E. LEVERICH, Curator of E. J. WALSH.

A third party can not be permitted to claim the proceeds of the sale of property and at the same time and in the same action attack the legality and regularity of the sale itself.

Questions of fraud and simulation by which a judgment has been obtained can not be examined by the Supreme Court if only made for the first time in the petition for an appeal. Constitution, article 74.

A third opposition, founded on a judgment, can not be maintained if more than ten years have elapsed since its rendition and it has not been revived. In such a case the plea of prescription will be maintained, and the third opposition will be dismissed.

APPEAL from the Ninth Judicial District, parish of Rapides. *Orsborn*, J. *T. C. Manning*, for plaintiff and appellee. *H. S. Losee*, for third opponents, appellants.

LUDELING, C. J. C. H. Slocomb, having obtained a judgment on mortgage notes against John R. Williams with recognition of his mortgage, caused the lands mortgaged to be seized and advertised for sale. On the second of October, 1869, Leverich, curator, filed a third opposition, claiming to be entitled to be paid by preference out of the proceeds of the sale. On the same day the property was sold, and George Jonas, being the last and highest bidder, claimed the right to retain in his hands the amount of two special mortgages which were older than the mortgage under which the sale was made, offered to pay the remainder of the price in cash to the sheriff, and demanded a title. The sheriff refused. The purchaser took a rule on him to compel him to make the title. After hearing in chambers, the judge ordered the sheriff to make a title to the purchaser.

Some days after this the third opponent took a devolutive appeal from this order on the rule against the sheriff. In his petition of appeal, the third opponent alleges numerous grounds for annulling the order, but as these issues were not made before the court *a qua*, and

this court has not original jurisdiction, we can not notice them, even if they were not inconsistent with the allegations contained in his petition of opposition. One can not be permitted to claim the proceeds of the sale and at the same time attack the legality or regularity of the sale.

The Louisiana State Bank also filed a petition, wherein it alleges that the property was sold for much less than its value, and that the parties concerned in the sale colluded together to defraud said bank and other creditors; that the order or judgment was *ex parte*, erroneous, null and void, and the sale was illegal, "simulated, fraudulent, null and void," and therefore it prays for an appeal.

How these questions can be passed upon by this court, when made for the *first time in a petition for an appeal*, it is difficult to perceive. The motion to dismiss the appeal of this party, on the ground that the appeal bond is not signed by any surety, must prevail. C. P.

After these irregular proceedings on the part of the bank and Leverich, the third opposition filed by Leverich, curator, was fixed and called for trial. The third opponent objected and took a bill of exceptions to the ruling of the court ordering the trial to be proceeded with, on the ground that an appeal had been taken from the order rendered on the rule against the sheriff. It can hardly be necessary to say that the objection was frivolous.

On the merits of the opposition, it will be necessary to notice only one of the four grounds set up against the pretensions of the opponent, and that is that the judgment itself is extinct. By Leverich's own averment it appears the judgment was recorded on the thirty-first of October, 1855, and it has never been *revived*. The plea of prescription of ten years must be sustained, and the opposition dismissed.

It is therefore ordered that the judgment of the lower court be affirmed, with costs of appeal.