No. 3708.—FRITZ HUPPENBAUER *v.* LOUIS DURLIN et al.

.A judgment creditor who acquires a preference on the property of his debtor by seizure is not entitled to proceed to the sale after the debtor has obtained a respite by the consent of a majority of his creditors.

Only creditors who have a privilege on the property of the debtor before, and at the time the respite is granted, can proceed to sell under article 3095 of the Revised Civil Code after the respite is granted. A creditor, therefore, who has a privilege or preference on the property of his debtor, resulting from a seizure alone, is not permitted to proceed to the sale in violation of the respite.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Rogers & Blanc,* for appellant. *O. Roselius & Alfred Phillips,* for appellees.

WYLY, J. The plaintiff enjoins the defendants from executing a judgment against him, on the ground that he has obtained from his creditors, by judgment of court, a respite of one, two and three years; that the defendant, Louis Durlin, was a party to said suit, having filed an opposition to the homologation of said proceeding; that notwithstanding the dismissal of his opposition and the granting of the respite, the said Louis Durlin is attempting to execute his judgment against the plaintiff, which has caused damage to him to the amount of $1000. The prayer of the petition is for an injunction, for its perpetuation, and for $1000 damages.

The defense of Durlin is: that the respite is not binding on him and can not prevent the execution of his judgment, because he is a

privileged creditor, having levied his writ prior to the granting of the respite.

The court perpetuated the injunction, and the defendant, Durlin, appeals.

The plaintiff insists that the plea of *res judicata* is applicable, because in Durlin's petition of opposition to the respite he alleged that he was a privileged creditor by reason of his prior seizure of the property of his debtor; and the opposition being rejected, the issue whether he is a privileged creditor or not was decided adversely to him, and that judgment is final.

It is true the defendant described himself in the petition of opposition as a privileged creditor, but that was an issue not involved in the contest. The question was, whether the proceedings were regular, and whether or not a majority of the creditors had consented to the respite. This was the issue determined when the opposition was dismissed and the judgment of respite granted.

The plea of *res judicata* is therefore unavailing.

The defendant contends that by virtue of his seizure he is a privileged creditor, under article 722 C. P., and the respite is not binding on him by reason of article 3095 of the Revised Code, which declares that "the following classes of persons can not be compelled to enter into any contract of respite or remission: privileged creditors, of what nature soever their privilege may be, and creditors who have a special mortgage by public act; minors, for the balance of account of their tutorship; wives, for their dotal rights and for the right of reclaiming their property. Therefore the privileged creditors and those who have a special mortgage as aforesaid can not be deprived by any respite, though agreed to by a majority of the creditors in number and in amount, of the right of seizing the property on which they have a privilege; but if such property do not prove sufficient to satisfy their debt they shall be restrained from acting for the surplus, either against the person of their debtor or against his effects, on which they have no privilege, except after the term granted by the respite. But creditors having a general mortgage are bound by the respite in the same manner as ordinary creditors." We think the privilege of preference acquired by the prior seizure, under article 722 C. P., is not embraced in the provision of article 3095 of the Revised Code, which exempts privileged and special mortgage creditors from the effect of the respite, so far as the property affected by the privilege or special mortgage is concerned.

Where it permits privileged creditors and those having a special mortgage to seize the property on which they have the privilege or mortgage, notwithstanding the respite, it means privileged creditors whose privilege arose from the nature of the debt. Revised Code,

3186. It surely did not mean those who derived their privilege or preference alone from a prior seizure, under article 722 Code of Practice. For it would be absurd to provide that those who had already seized might again seize the same property, notwithstanding the respite. If the lawgiver had intended to preserve the right resulting from the seizure prior to the respite he would have said so, by declaring that the same might continue, and the sale of the property seized might be proceeded with, notwithstanding the respite. The right of the defendant resulted alone from the seizure.

Article 3095, Revised Code, permits privileged creditors to seize "property on which they have the privilege * *," notwithstanding the respite.

How could the defendant do this? How could he seize property on which he held a privilege? In order to make a new levy he must release his first seizure. To do this would destroy his preference.

The law before us, in a case like the one in view, gives the right to seize, provided there already exists a privilege. The existing privilege gives the right to seize. The defendant seized in virtue of no existing privilege; his right resulted alone from his seizure. Now the law giving privileged creditors the right to seize the property affected with their privilege, notwithstanding the respite, can not fairly be construed to give the same advantage to a creditor seizing in virtue of no privilege, but whose preference right resulted alone from the seizure.

And the article permitting the property affected with a privilege to be seized after the respite, is not a law validating a seizure made where there was no existing privilege, and authorizing the sale to be proceeded with, notwithstanding the respite.

Judgment affirmed.

Rehearing refused.