Loeb & Co. v. A. Blum.

## No. 4524.

EMMANUEL LOEB & CO. *v.* A. BLUM. J. G. SPOR and JULIUS KRAFTS,.
Third Opponents.

Where the vendee was put in possession in Germany of a certain quantity of wine which
he had bought in that country and that possession continued across the Atlantic ;

Held—That the vendor's privilege could not be stretched so far as to extend from the banks.
of the Rhine to the banks of the Mississippi, and be made to last during a voyage from
one continent to the other.

A consignee's privilege can not prevail against the seizure made by judgment creditors, if
not recorded prior to the seizure.

APPEAL from the Fifth Judicial District Court, parish of East
Baton Rouge. *Posey, J. Barrow & Pope* and *Thomas J. Cooley,*.
for plaintiffs and appellants. *Fuqua & Calliham,* for third opponents
and appellees.

Justices concurring : Ludeling, Taliaferro, Morgan, Howell.

MORGAN, J. Blum purchased eight casks of wine from Krafts. The
purchase was made in Germany. The price was to be paid, part cash.
and part on credit. The wine was consigned to Spor.

Loeb & Co., judgment creditors of Blum in the sum of $324 98,.
issued execution directed to the sheriff of the parish of Orleans, who
seized the wine above referred to in the hands of Spor, the consignee,.
and Casey, the collector of the port. The wine was sold by the
sheriff and produced $891 80.

Before the sale, Spor, by third opposition, claimed to be paid the
amount of his advances for freight, duties, brokerage, etc., amounting.
to $393 66 by preference over the seizing creditor.

Krafts also intervened and claimed his vendor's lien and privilege
on the property seized, for the amount remaining due to him, $520,.
and asked to be paid that amount in preference over Loeb & Co.

There was judgment in favor of Spor for the amount claimed by
him; and then in favor of Krafts for $520, with interest from Novem-
ber 21, 1871 ; Loeb & Co. to receive the balance if any remained.

From this judgment Loeb & Co. have appealed.

A motion to dismiss the appeal is made on the ground that the
amount in controversy does not come within the appellate juri-diction
of this court. The motion can not prevail. Krafts' claim exceeds five
hundred dollars, and this is sufficient to give us jurisdiction. Besides,.
the sum to be distributed between the contestants largely exceeds that
sum. 21 An. 487.

On the merits, we think there is error in the judgment appealed
from.

The wine was purchased in Germany. To stretch the vendor's.
privilege from the banks of the Rhine to the banks of the Mississippi,.
and to make it last during a voyage across the Atlantic is, we think,
carrying the "*cœlum, non animum, mutant, etc.,*" doctrine too far.

The property went into the possession of Blum when he purchased it; it was shipped, as his property, to Spor, his consignee, and when it landed at this port it was liable to be seized by his judgment creditors. It may be true, as contended, that, by the commercial law, the vendor might have protected himself, but we apprehend that he could only have done so in case of the insolvency of his vendee, and by seizing the goods *in transitu;* and this before the goods had been reduced to the possession of the vendee. In this case, Bloom's possession of the wine occurred in Germany, and continued across the ocean, and Krafts never pretended to exercise any right over it until long after it had been seized by Loeb.

As between Spor, the consignee, and Loeb & Co., the latter, as seizing creditors, are to be paid first. Assuming that Spor has the privilege which he claims, but with regard to which we do not consider it necessary to express any opinion, still it was not recorded prior to Loeb's seizure and can not, therefore, prevail against it. 23 An. 270.

It is therefore ordered, adjudged and decreed that the judgment of the district court, in so far as it relates to the claim of Loeb & Co., be avoided, annulled and reversed, and that there be judgment in favor of Loeb & Co. and against Spor and Krafts, third opponents, commanding the sheriff of the parish of Orleans to pay to the said Loeb & Co. out of the funds now in his hands, proceeds of eight casks of wine seized and sold herein by virtue of the *fi. fa.* issued in this case, the sum of $324 98, with eight per cent. interest from April 23, 1867, and fourteen dollars and sixty cents costs, by preference and privilege over the said Spor and Krafts; and that in other respects the judgment be undisturbed; the costs to be paid out of the proceeds of sale.