## No. 9666.

### SUCCESSION OF J. B. RHODES.

39  473
51 1170

In the absence of proof that the husband has invested his individual funds in the community, neither he, nor his heirs can claim that the conjugal partnership is indebted for the same.

An opposition which charges that a claim placed on the tableau was extinguished, is equivalent to a plea·in compensation, which admits the debt and throws the burden of proof on the opponent.

When an account allows no interest on a claim and the account is not opposed to ask the same, the party in whose favor the *item* was tabulated cannot demand such interest, on appeal.

This Court will not pass on issue presented in argument only, and which were not formed by the pleadings below.

APPEAL from the Seventeenth District Court parish of East Baton Rouge. *Burgess*, J.

*K. A. Cross*, for Opponent and Appellees.

*Read & Goodale* and *H. N. Sherburne*, for the Administrator, Appellant.

The opinion of the Court was delivered by

BERMUDEZ, J. The widow of Rhodes opposes, as tutrix of their minor children, the amount presented by the administratrix.

The opponent avers that the amount allowed the two daughters, by a first marriage of her deceased husband, is not due, for the reason that the community existing during that marriage is indebted to his estate in $13,917 invested therein, and which absorbs what residuary interest the deceased wife had therein.

The tutrix opposes, besides, *items* in favor of the clerk and the attorneys.

By the judgment appealed from, the amount allowed the children of the first marriage was reduced to $1500, as also the *items* in favor of the clerk and attorneys, and the account, thus amended, was homologated.

The children claim that the *item* tabulated to them ought to have remained intact, and interest allowed them in addition. The tutrix, however, contends, in her answer to the appeal, that the whole sum should have been stricken out, as *entirely extinguished* by the indebtedness of the first community to the separate estate of Rhodes.

It is clear that, while admitting impliedly that the allowance to the children of the first marriage was once due, the opponent forcibly insists that the debt was *extinguished*.

The appropriate technical word, *compensation*, was not used in the opposition; but it is undeniable that the ground of resistance to payment is that the debt was *compensated*. That plea, like *payment*, imposes the burden of proof on the party urging it.

Apparently, the theory on which this defense rests is that it is enough to show that the husband inherited certain sums, and that, from this circumstance, must be deduced the fact, that the community was *pro tanto* benefited, and that he has remained a creditor for as much of the conjugal partnership; but this is a fallacy.

The law demands substantial proof that the amounts were actually invested in the community by the husband and the record is barren of all evidence that he has done so.

The real estate acquired during the first community and which was inventoried, as part of its assets, does not appear, either on the face of the titles, or otherwise, to have been paid for out of his separate funds. The price paid ought to have been traced back to the inheritance. This was essential to constitute him a creditor of the community. 6 R. 508; 10 R. 18; 11 Ann. 514, 297; 13 Ann. 379; 26 Ann. 605; 30 Ann. 277; 35 Ann. 296, 570. The adverse opinion in the Falgoust case 6 Ann. 174, is no authority and must be considered as overruled.

The opponent has advanced in argument what might have offered some seriousness in reference to the absence of a previous liquidation of the rights of the issue of the first marriage, as a condition precedent for recovery, but as those matters have not been put at issue by the pleadings they cannot be considered.

Interest cannot be allowed. The account did not propose to give any and it was not opposed by the children of the first marriage. They cannot be permitted to ask on appeal what they ought to have claimed below.

No error was shown in the finding of the district judge reducing the clerks and attorneys fees.

It is therefore ordered and decreed that the judgment appealed from, as far as it reduced the clerks and attorneys fees, be affirmed, and that in other respects it be reversed; and it is now ordered and decreed that the opposition of the tutrix to the item in favor of Ella and Sarah Rhodes on the amount and tableau of distribution be dismissed with costs, those of appeal to be paid equally by the parties.