## MILLIKEN & FARWELL v. TAFT MERCANTILE COMPANY

___

(May 9, 1927. Opinion and Decree.)
(October 3, 1927. Opinion and Decree on Rehearing.)

___

(*Syllabus by the Court*)

1. **Louisiana Digest—Judgment—Par. 36.**
A default judgment where the record does not show the entering of preliminary default is invalid, as issue was never joined.

2. **Louisiana Digest—Judgment—Par. 15; Execution—Par. 54.**
A seizure issued under a judgment by default without preliminary default is illegal and confers no privileges.

3. **Louisiana Digest—Judgment—Par. 123, 126.**
A final judgment by default obtained without a preliminary judgment by default is not an absolute nullity and cannot be attacked collaterally.

ON REHEARING

4. **Louisiana Digest—Execution—Par. 41, 42.**
A judgment after its sale or transfer by the plaintiff may be executed in name of the original plaintiff.

5. **Louisiana Digest—Execution—Par. 80.**
It is not in the power of the original plaintiff to arrest the execution by an ex parte order to that effect

6. **Louisiana Digest—Execution—Par. 163.**
A purchaser at sheriff's sale who has a privilege upon the thing sold superior to the seizing creditor has a right to retain in his hands the amount of his bid up to the amount of his claim.

**7. Louisiana Digest—Execution—Par. 54, 55.**

By his mere seizure the judgment creditor acquires a privilege on the property seized which entitles him to a preference over other creditors.

**8. Louisiana Digest—Execution—Par. 175.**

The return on a sale made by the sheriff under a fi fa may be signed by his deputy.

**9. Louisiana Digest—Appeal—Par. 568.**

Pleas and issues which were not raised in the lower court and not passed upon cannot be raised on appeal.

Appeal from the Twenty-fourth Judicial District Court, Parish of St. Charles. Hon. L. Robert Rivarde, Judge.

Action by Milliken & Farwell against Taft Mercantile Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Wm. B. Grant, of New Orleans, attorney for plaintiff, appellant.

C. A. Buchler and R. J. Perkins, of New Orleans, attorneys for defendant, appellee.

JONES, J. This is a controversy between two seizing creditors as to priority of privilege on the proceeds of the sale of a certain judgment which the Taft Mercantile Company had secured against the L. A. Blouin Company.

To clarify the issue, it is necessary to outline briefly the preliminary steps leading up to the sale.

On January 29, 1921, Milliken & Farwell obtained judgment based on confession against the Taft Mercantile Company for four thousand six hundred eighty-three and 46-100 ($4683.46) dollars, with eight per cent interest from December 31, 1920, until paid.

On May 1, 1924, the Henry Lochte Company, Ltd., obtained a default judgment against the Taft Mercantile Company in the sum of two thousand one hundred and 23-100 ($2100.23) dollars, with legal interest from demand.

On April 30, 1924, the Taft Mercantile Company obtained judgment against the L. A. Blouin Co., Ltd., in the sum of one thousand nine hundred forty-four and 88-100 ($1944.88) dollars, with legal interest from November 16, 1918.

On June 16, 1924, by notarial act, the Lochte Company sold, with all legal warranties, to the Blouin Company for six hundred ($600.00) dollars, all its right, title and interest in the judgment which the Lochte Company had against the Taft Company.

On June 21, 1924, the Lochte Company, without notice to Taft Company, issued writ of fieri facias, seized and proceeded to advertise and sell at public auction, in satisfaction of its judgment, the judgment obtained by the Taft Company against the Blouin Company, which seems to have been the only asset of the Taft Company.

On July 10, 1924, before the sale of the judgment so seized by the sheriff could take place under the writ, execution was enjoined on various grounds by Attorney Robert J. Perkins, who had a privilege on the Blouin judgment under Act 124 of 1906 for his fee.

On July 10, 1924, Milliken & Farwell issued execution on their judgment against the Taft Company and seized the judgment exclusive of attorney's fee, which the Taft Company had against the Blouin Company.

On July 25, 1924, the Blouin Company, as the assignee and subrogee of the Henry Lochte Company, presented to the judge a

petition of intervention and third opposition in the Milliken & Farwell case, alleging its acquisition of the aforesaid judgment of Henry Lochte Company vs. Taft Mercantile Company, the issuance of the prior writ of fieri facias and seizure thereunder; the illegal issuance of the ex parte preliminary injunction and particularly the lien and privilege granted by law to the first seizing creditor. An ex parte order was granted by the court recognizing the superior lien and privilege of the L. A. Blouin Company, owner of the judgment obtained originally by Henry Lochte Company, and the sheriff of the Parish of St. Charles was ordered to take notice of the said order and advise all bidders at the sale of the rights of the L. A. Blouin Company. The sheriff accepted service of the petition and order of court. This petition was filed in St. Charles parish on August 2, the day of the sale.

This judgment, exclusive of attorney's fee, was duly advertised under Milliken & Farwell's writ of sale for cash, and on August 2, 1924, was adjudicated to the Blouin Company, as the last and highest bidder, for the sum of one thousand five and 0-100 ($1005.00) dollars.

In making his return, the deputy stated that the purchase price had been credited under order of court against the judgment and claim which the Lochte Company had against the Blouin Company.

On December 27, 1924, L. C. Vial, the sheriff of St. Charles parish, filed a motion setting forth that the judgment had been adjudicated for cash, and that the L. A. Blouin Co., Ltd., had failed to comply with its bid by payment of said sum in cash as required, and praying the court to declare the sale to Blouin null and void and to order the property readver-

tised for sale under the writ issued in behalf of Milliken & Farwell still held by him. The judge ordered the Blouin Company to show cause why this motion should not be granted on January 9, 1925.

On January 3, 1925, Milliken & Farwell filed a similar motion, asking that the return on the writ be set aside as null and void and the sale thereunder vacated, the property readvertised and sold under their writ of fieri facias of July 10, 1924. On this motion the judge again ordered the Blouin Company to show cause on January 9.

On this date the Blouin Company filed an answer to each motion in which they claimed priority of privilege on the property sold because they had made seizure at least fifteen days before Milliken & Farwell.

Subsequently the court recognized and maintained the return of the deputy sheriff allowing the Blouin Company, as adjudicatee, to take credit on the claim of the Lochte Company (purchased by the Blouin Company) against the Taft Company, instead of paying the adjudicated price ($1005.00), and dismissed both rules. The court dismissed the rule of the sheriff but no appeal was taken.

From judgment against them Milliken & Farwell prosecute the present appeal.

One of the grounds urged by Perkins for his preliminary injunction was that no preliminary default had ever been taken in the Lochte case and, as the "whole record" in that case was offered in evidence by the attorney of Blouin & Company to disprove that and the other charges, it is presumed that the record contains the entire proceedings of the court.

This record shows that the Lochte suit was filed on March 28, 1921, and that the

corporation was served on March 29, 1921; that a judgment by default for full amount was rendered and signed on May 1, 1924.

Although this judgment orders that "the preliminary default entered herein be confirmed", a close examination of the "whole record in the Lochte case", which has been brought up in this record, fails to show that any motion for preliminary default was ever made or any preliminary default ever granted as required by Articles 311 and 544 of Code of Practice.

In the case of Adler, Goldman & Siegel vs. Wolff, 36 La. Ann. 169, Justice Bermudez on application for rehearing uses the following language:

"The statements in the briefs for a rehearing that the motion for a default was made and granted is not verified by the record. Where a motion is made for a default, it should be noted on the minutes of the court. It is true that there is found in the note of evidence mention of a verbal aplication for a default, but this is irregular and void. The law authorized the plaintiff, if the defendant do not appear, after the delay allowed, to take a judgment by default, which can be obtained by moving for it in court. It suffices that such judgment appear by a statement on the records of the court that the defendant has failed to appear. The law requires that all judgments, whether interlocutory, final or definitive, shall be correctly entered on the records, that is: the minutes of the court. The same rule must be observed in relation to all orders or mandates given by the court, as well as to all motions made by the parties to the suit.   C. P. 310, 311, 533, 534, 538, 544; Caldwell vs. Glenn, 6 Rob. 9; Poultney's Heirs vs. Cecil's Executor, 8 N. S. 339; Begley vs. Morgan, 15 La. 164.
"The case cannot be considered at issue in the absence of a judgment by default regularly entered, or of an appearance by the defendant. The joining of issue is in fact the foundation of the suit, as citation is that of the action.   C. P. 360, 359."

In this holding he was ratifying and confirming the following decisions:

Washington vs. Hackett, 19 La. Ann. 146; Riggin vs. Bank, 19 La. Ann. 373; Braunsdorff vs. Fay & Marston, 18 La. Ann. 187; Huntington vs. Bank, 18 La. Ann. 350; Taylor vs. Littell, 21 La. Ann. 665; Brown vs. Brown, 21 La. Ann. 461; Knight vs. Knight, 12 La. Ann. 60.

As the record fails to show the motion and entry of the preliminary default, the case was never at issue and no valid judgment was ever rendered, and consequently the pretended seizure was illegal and invalid.

The Blouin Company contends that the validity of the Lochte judgment was not properly before the court for three reasons:

(1) Because that point was not specifically raised by Milliken & Farwell in their motion to set aside the sale.

(2) Because the preliminary injunction was never tried on the merits.

(3) Because injunction was abandoned by Perkins, when he subsequently attempted, on October 2, 1924, to collect his fee from the surety on the sequestration bond in the case of Taft & Co. vs. L. A. Blouin Company.

The first reason does not seem sound because Milliken & Farwell in their motion to set aside the sale allege that the seizure and sale had been enjoined amongst other grounds for the reason that the Lochte Company had no interest in said judgment or in the seizure because the judge had on December 17, 1924, signed an order dismissing the suit.   (Such order had a retroactive effect to June 21, 1924, the date of seizure.)

Furthermore, the attorney for Blouin & Company had raised the issue of the validity of his seizure in his intervention

and third opposition in this case filed on July 25, 1924, and also in his answer to the two rules.

To sustain the allegations of his intervention and of his answers he introduced in evidence "the whole record in the Lochte case". When that record is used against him as a part of the proof of the crucial issue raised by him, it is entirely too late after judgment to urge that the whole record must not be considered. The "whole record" must be considered, the favorable as well as the unfavorable parts, and he must stand or fall thereby.

The fact that the Perkins preliminary injunction has never been tried on the merits tends to support the position of plaintiff in rule, for if it had no merit presumably his opponent would have caused it to be dissolved.

The attempt by Perkins on October 2, 1924, to collect his attorney's fee from surety on sequestration bond in the other case does not necessarily constitute an abandonment of his injunction proceeding in this case, but even if it did, Blouin & Co. could not profit thereby, because in their petition of intervention they had challenged the rights of Milliken & Farwell, *not those of Perkins*, and the issue between them was thereby made entirely independent of any claim of Perkins.

Although the various other grounds urged against the validity of the judgment and the seizure in the injunction proceedings are properly before this court, we do not find it necessary to pass on them, as the failure of the record to show motion for and entry of preliminary default invalidates the judgment and the seizure.

For the above reasons the judgment is reversed, and it is now ordered, adjudged and decreed that the sale made by Layoux

Gassen, deputy sheriff of St. Charles parish, under a writ of fieri facias issued in this case on July 10, 1924, be vacated and annulled and the return on said writ be cancelled.

It is now ordered, adjudged and decreed that the property be readvertised and sold under the writ of fieri facias issued on July 10, 1924.

### ON REHEARING

CLAIBORNE, J. This suit is a contest over the proceeds of a sheriff's sale.

The facts are as follows:

On May 1, 1924, in the suit of Henry Lochte Co., Ltd., vs. Taft Mercantile Co., No. 980 of the District Court for the Parish of St. Charles, judgment was rendered, on confirmation of default, in favor of the plaintiff and against the defendant for the sum of $2100.23 with interest and costs. The judgment reads as follows:

"It is ordered, adjudged and decreed that the preliminary default entered herein be and the same is hereby confirmed, and accordingly it is ordered that there be judgment herein in favor of the plaintiff, Henry Lochte Co., Ltd., and against the defendant, Taft Mercantile Co., in the full sum of two thousand one hundred and 23-100 ($2100.23) dollars, with legal interest from judicial demand until paid, and all costs of this suit."

By a notarial act dated June 16, 1924, the Lochte Co. sold to L. A. Blouin Co., Ltd., the above judgment against the Taft Mercantile Co. for the price of $600.00.

### II.

On April 30, 1924, the Taft Mercantile Co. had obtained a judgment against the L. A. Blouin Co. for $1944.88 and interest.

### III.

On June 21, 1924, the L. A. Blouin Company, transferees of Lochte, issued a fi fa

in the suit of Lochte & Co. vs. Taft Mercantile Co., and caused to be seized "all the right, title and interest of the Taft Mercantile Co. in the suit No. 871, entitled Taft Mercantile Co. vs. L. A. Blouin Co., Ltd., and particularly the judgment rendered therein dated April 30, 1924, for the sum of $1944.88," and caused the same to be advertised for sale.

## IV.

On July 10, 1924, Robert J. Perkins, attorney-at-law, filed a petition in the above suit of Taft vs. Blouin; he alleged that in December, 1918, he had been employed by the Taft Mercantile Co. to prosecute a claim against the Blouin Co. amounting to about $12,000; that he made demand upon the Blouin Co. with the result that in January, 1919, they paid the Taft Mercantile Co. about $10,000 on account, leaving a balance due of $1944.88, for which balance the said Perkins, on July 2, 1919, filed suit and obtained judgment on April 30, 1924, with five per cent interest from November 16, 1918; that he received no fee at the time of his employment or thereafter; that under Act 124 of 1906 he has a privilege on said judgment for the amount of his fee; "that the understanding with the late George Lorio was that plaintiffs' fee was to be obtained from the judgment when it was paid; that thereafter, to-wit: on July 8, 1924, your petitioner reduced to writing the understanding with the Taft Mercantile Co. in which it is provided that plaintiff would receive fifty per cent of the amount collected under said judgment"; that on June 21, 1924, the Henry Lochte Co. took out a writ of seizure against the Taft Mercantile Co. predicated upon a judgment rendered in their favor against the Taft Co. on May 1, 1924; and have seized the judgment in favor of the Taft Co. against L. A. Blouin Co. and have advertised the same for sale for July 12, 1924; that the judgment of the Henry Lochte Co. against the Taft Mercantile Co. is null and void for the following reasons:

1st. That no preliminary default is shown in the record or in the judgment to have been obtained.

2nd. That no note of evidence appears to have been taken on the confirmation of the default.

3rd. That no notice of judgment was served on the Taft Mercantile Co.

4th. That said judgment is not final and executory under Act 45 of 1890 until ten days after the adjournment of the court for the session; and

5th. That this court has this day adjourned for the term. Plaintiff Perkins further alleged irreparable injury if the sale was allowed to proceed; that the Henry Lochte Co. has no further interest in the judgment, having parted with its interest in June, 1924. He prayed for a preliminary injunction to enjoin the sale of the judgment advertised and any further proceedings in the cause; for citation on the sheriff and on Henry Lochte Co. and that the injunction be made perpetual.

On October 13, 1924, Henry Lochte & Co., Ltd., excepted to the above petition and to the injunction, on the ground that the bond of $250 upon which the injunction was issued was insufficient and in the absence of a larger bond that the injunction should be dismissed.

On October 28, 1924, the exceptions were ordered dismissed, granting counsel for L. A. Blouin Co. permission to intervene.

On October 31, 1924, the L. A. Blouin Co. intervened.

They alleged that by an act dated June 16, 1924, above mentioned, they purchased

from the Henry Lochte Co. all their rights in a judgment in their favor for $2100.23 against the Taft Mercantile Co. rendered May 1, 1924; that by virtue of said judgment they seized the rights of the Taft Mercantile Co. in a judgment in their favor against L. A. Blouin and advertised the same for sale, when the said Robert J. Perkins enjoined the sale; they admitted that the said Robert J. Perkins obtained a judgment for $1944.88, but they denied all the other allegations in his petition and prayed that the injunction be dismissed with damages.

The case on the above petition of Robert J. Perkins and on the intervention of L. A. Blouin does not seem to have been tried and no judgment was rendered thereon nor appeal taken. Therefore neither the case nor the issues thereon are before us.

### V.

On January 29, 1921, plaintiffs herein, Milliken & Farwell, obtained judgment against the Taft Mercantile Co. for $4683.45 and interest; upon this judgment on July 10, 1924, on the same date as the Perkins injunction, they issued a fieri facias and seized "all the right, title and interest, exclusive of attorney's fees, of the Taft Mercantile Co. against the L. A. Blouin Co., Ltd., in the matter No. 871 of the docket of the Twenty-eighth Judicial District Court in and for the Parish of St. Charles entitled Taft Mercantile Co. vs. L. A. Blouin Co., and more particularly the judgment rendered in said matter dated April 30, 1924, for the sum of $1944.88 with 5% interest thereon from November 16, 1918, being the same judgment previously seized by Lochte & Co., Blouin transferee, and advertised the same for sale for August 2, 1924.

On July 25, 1925, the L. A. Blouin Co., as transferees of Henry Lochte Co., inter-

vened by a petition in which they set up the judgments in favor of Lochte against the Taft Co., their purchase of the same, the issuance by them of a fi fa, under said judgment, and their prior seizure of the judgment of the Taft Co. against Blouin, and the injunction taken out by Robert J. Perkins; they further alleged that by virtue of said prior seizure they had a privilege on said Taft-Blouin judgment superior to that of Milliken & Farwell, and were entitled to be paid by preference over them; that under the law the purchaser of the judgment seized and sold would have a right to retain in his hands the amount of the privilege superior to that of the seizing creditor to be paid to him; and that the sheriff should be notified of plaintiff's superior privilege in order that he might inform the bidders of the same. Blouin & Co. obtained an order to that effect.

On August 2 the judgment was adjudicated to the L. A. Blouin Co., Ltd., for $1005, and the sheriff in his return stated that the said amount, under order of court, was duly credited against judgment and claim of the Henry Lochte Co., Ltd., vs. Taft Mercantile Co., Ltd., No. ——, which judgment was purchased by the L. A. Blouin Co., Ltd.

On December 23, 1924, the sheriff filed an amended return in which he alleged all the facts above related, and he further alleged that no payment had been made by the adjudicatee and asked permission to readvertise the property seized and for an order declaring the sale null and void.

On January 3, 1925, following, plaintiffs herein, Milliken & Farwell, filed a rule on the Taft Mercantile Co. and on L. A. Blouin Co. and Henry Lochte Co. to show cause why the return in the fi fa signed by Layons Gassen on August 4, 1924, should

not be set aside as null and void and the sale thereunder vacated and the property seized readvertised and sold for the following reasons, as we gather from the rule:

1st. That Henry Lochte Co. had no right, title or interest in said judgment.

2nd. That on December 17, 1924, an order was signed by the judge, dismissing the suit of Henry Lochte vs. Taft Mercantile Co.

3rd. That no money had been paid by the adjudicatee.

4th. That the sheriff's return is signed by Layous Gassen, deputy sheriff, while the sale was conducted by the sheriff himself, Leon C. Vial.

L. A. Blouin Co. answered the petition of Sheriff Vial by alleging that they issued a fi fa in the suit of Henry Lochte Co. vs. Taft Mercantile Co. and thereunder seized the judgment of the Taft Co. against the Blouin Co., which seizure was enjoined by Robert J. Perkins, all as above set forth; that subsequently Milliken & Farwell seized the same judgment; that L. A. Blouin had a prior privilege on said judgment by virtue of their prior seizure; that they purchased said judgment at the sheriff's sale and under the law they had a right to credit their bid with their judgment, and by virtue of said judgment and prior seizure and adjudication they have become the owners of said judgment of Taft against the Blouin Co., and they prayed that the sheriff's rule be dismissed and to be recognized as the owners of said judgment.

To the same effect, in a more extended form, Blouin & Co. answered the plaintiffs' rule reiterating all the proceedings leading up to the sale and asserting the validity thereof.

On the trial of the rule the Taft Co. submitted the case on the record.

On February 2, 1925, judgment was rendered on the petition of the sheriff and on the rule taken by Milliken & Farwell on January 3, 1925. It reads as follows:

"It is ordered, adjudged and decreed that the rule taken herein by Milliken & Farwell be and the same is hereby dismissed with costs. And it is further ordered, adjudged and decreed, that the L. A. Blouin Co., Ltd., be and it is hereby recognized as the owner of all of the right, title and interest of the Taft Mercantile Co. in the judgment obtained against the L. A. Blouin Co., Ltd., No. 871 of the docket of the late Twenty-eighth Judicial District Court, in and for the Parish of St. Charles; and it is further ordered, adjudged and decreed that the return of the sheriff of the Parish of St. Charles on said writ be and the same is hereby recognized as a good and valid return, and it is further ordered, adjudged and decreed that the rule of the sheriff of the Parish of St. Charles filed in these proceedings on the 27th day of December, 1924, requesting permission of the court to readvertise the property seized and described in said rule, which rule was taken up and submitted with the above rule, be and the same is refused and denied."

From this judgment plaintiffs herein, Milliken & Farwell, have taken an appeal.

We will examine the objections made to the validity of the sale in the order presented by the rule.

1st. That the Henry Lochte Co. had no right, title or interest in the judgment executed by L. A. Blouin Co.

It is true that the Lochte Co. had sold their interest in the judgment to L. A. Blouin. But that did not prevent Blouin from executing the judgment in the name of Henry Lochte Co.

It has long been recognized good practice in this state that a judgment after its

sale transfer may be executed in the name of the original plaintiff. King vs. Dwight, 3 Rob. 2; State vs. Williams, 8 R. 261; Blondin vs. Christophe, 13 La. Ann. 324; Walker vs. Villavaso, 26 La. Ann. 42; 34 C. J. 644; 23 C. J. 311.

In Zibilich vs. Rouseo, 157 La. 943, 103 So. 269, the court said:

"A judgment after its transfer may be executed in the transferer's name."

2nd. On October 25 and December 17, 1924, long subsequent to the sale of the judgment by Henry Lochte Co. to Blouin, an attorney purporting to act in the name of the Henry Lochte Co. procured from the judge an order cancelling their name from any proceeding in the case of Henry Lochte Co. vs. Blouin. This petition and order were ex parte and, of course, binding upon no one except Lochte & Co. If under the law Blouin had a right to execute the judgment in the name of Lochte, neither Lochte's petition nor the judge's ex parte order could divest him of a vested right.

3rd. L. A. Blouin & Co., claiming a superior privilege over the Milliken & Farwell, had a right to retain their bid in their hands up to the amount of their claim.

C. P. 679:
"When there exists a mortgage or privilege on the property put up for sale, the sheriff shall give notice before he commences the crying that the property is sold subject to all privileges and hypothecations of whatsoever kind they may be with which the same is burdened and with the condition that the purchaser shall pay in his hands whatever portion of the price for which the property shall be adjudicated, which may exceed the amount of the privileges and special mortgages to which such property is subject."

C. P. 683:
"But if there exist on the property any privileges or special mortgages in favor of other persons than the judgment creditor and which are preferred to him, the sheriff shall announce that the purchaser shall be entitled to 'retain in his hands out of the price for which the property was adjudicated, the amount required to satisfy the privileged debts and special hypothecations to which the property sold was subject, but he shall be bound to give his obligation for the surplus of the purchase money, if there be any, and subscribe his obligation at twelve months' credit with security as is stated above."

C. P. 706:
"But when the property sold is subject to privileges or special mortgages in favor of other persons besides the suing creditor, the sheriff shall require from the purchaser and he shall be compelled to deliver to the creditor, whether the sale be made for ready money or on credit, only the surplus of price beyond the amount of the privileges or special mortgages, if there be any surplus."

The purchaser must retain in his hands the amount of privileges superior to the seizing creditor. 1 N. S. 603; Firemen's Ins. Co. vs. Gillingham, 1 Rob. 305; First Municipality vs. Orleans Theatre Co., 2 Rob. 214; McRae vs. Chapman, 10 Rob. 65; Perry vs. Holloway, 10 Rob. 110; Mackee vs. Cairnes, 1 N. S. 603; Mullen & Co. vs. Scott, 9 La. Ann. 173; Sturgs vs. Taylor, 15 La. Ann. 285; Morris vs. Executors of Cain, 39 La. Ann. 712; Citizens Bank vs. Webre, 44 La. Ann. 336; Alford vs. Montejo, 28 La. Ann. 593; Ash vs. Southern Chemical Co., 107 La. 313, 31 So. 656; Guaranty Bank vs. Scott, 3 La. App. 673.

In Bacas vs. Hernandez, 31 La. Ann. 85, the court, commenting upon the above articles, said:

"These provisions are very clear and unmistakable. He (the purchaser) is not only permitted to retain, but he is required to retain in his hands the amount of the liens in advance of that of the seizing creditor." Cummings vs. Erwin, 15 La. Ann. 289; 1 R. 305.

The syllabus of the case is as follows:

"The sheriff is not authorized to receive from the purchaser of property at a judicial sale the amount of the mortgage or privilege debts which rank the claim of the seizing creditor, and hence the sureties of the sheriff cannot be held for the amount of such debts received and not accounted for by the sheriff." Affirmed in Morris vs. Cain, 39 A. 735. See also Puertheux Co. vs. Succession of Dillie, 18 La. Ann. 65; 1 H. D. 635.

If it is the duty of the purchaser to retain in his hands the amount of privileges accruing to third persons superior to the seizing creditor, it is also his right to retain in his hands the amount of his superior privilege when he becomes the purchaser, for why should he go to the empty formality and expense · and risk of paying the price which is to be immediately refunded to him? Such is the general jurisprudence.

In Blain vs. Taylor, 25 La. Ann. 144, the court said:

"Where the plaintiff's mortgage was in existence at the time of the sheriff's sale, and the mortgaged property was adjudicated to him, he had the right to retain the purchase money up to the amount of his debt, and the title to the property should have been made to him."

Affirmed in Copes vs. Guilbeau, 34 La. Ann. 1032 (1037).

The purchaser of property at a succession or insolvent sale may retain in his hands the amount of a mortgage in favor of a third person or of himself. Hobson vs. Woolfolk, 23 La. Ann. 384; Williams vs. City of New Orleans, 23 La. Ann. 507-508; 2 H. D. 1501.

C. C. 1343 (1265):

"Any heir of age, at the sale of the hereditary effects, can become a purchaser to the amount of the portion owing to him from the succession, and he is not obliged to pay the surplus of the purchase money over the portion coming to him, until this portion has been definitively fixed by a partition."

C. C. 2625 (2603):

"Heirs may purchase the property of the succession to the amount of their proportion, and are not obliged to pay the purchase money until a liquidation is had, by which it is ascertained what balance there is in their favor or against them."

It cannot be disputed that the Blouin Co. had a privilege by virtue of their seizure under the Lochte judgment. C. P. 722; 1. H. D. 623 B-5: "Under Art. 722 C. P. the creditor acquires by the mere seizure a privilege on the immovable or movable seized, which entitles him to a preference over other creditors." Succession of Dorville, 30 La. Ann. 133; O'Hara vs. Booth, 29 La. Ann. 817; Payne & Harrison vs. Randon, 10 La. Ann. 349; Gleason & McManus vs. The Sheriff, 20 La. Ann. 266; Arick vs. Walsh & Boisseau, 23 La. Ann. 605; Huppenbauer vs. Durlin, 24 La. Ann. 360; Loeb & Co. vs. Blum, 25 La. Ann. 232.

4th. The sheriff's return of the writ certifies that the judgment was seized, advertised and sold to L. A. Blouin, Ltd. The illegality charged is that the sheriff, Vial, made the sale while the return is signed by his deputy, Layons Gassen. We see no objection to this action. There is no evidence that Vial made the sale. But if there was there is no charge that the return is not true; on the contrary, the sheriff himself recites all the facts connected with the seizure, advertisement and sale in his petition of December 23, 1924, and prays for an order to declare the sale null and for permission to readvertise the property sold.

But the plaintiffs herein, in their rule to set aside the sale, themselves allege "that the said judgment was duly advertised for sale for cash on the spot and

cried out by the sheriff on August 2, 1924, and was bid in by the L. A. Blouin Company, Ltd., through the Hon. Conrad A. Buchler, its attorney, for $1005, etc."

Plaintiffs cannot now deny the sale to L. A. Blouin Co.

### VI.

Upon the argument of the case counsel for appellants dwelt upon two points of illegality in the judgment of Lochte & Co. and in the execution thereof.

The first was that no preliminary default is shown by the record or in the judgment to have been taken, and the record shows that the judgment was prematurely executed.

Pretermitting the fact that this statement, as to the default, is contradicted by the judgment itself, we must decline to pass upon those points for the reasons that no such objections were made in the rule taken by the plaintiffs herein, and none passed upon by the trial judge, and consequently they are not before us. It is true that those objections were raised in the petition for an injunction filed by Robert Perkins, but with that case we have nothing to do as the injunction was never tried, no judgment was ever rendered therein, and consequently no appeal.

This court cannot consider, on appeal, questions that have not been passed upon by the District Court, 131 La. 196 (203).

Pleas and issues not raised in the lower court cannot be raised on appeal. Lafton's Executrix vs. Gravier, 1 N. S. 243; Budworth vs. Hunter, 9 R. 256; Montgomery vs. Barrow, 19 La. Ann. 169; Slocomb vs. Williams, 23 La. Ann. 245; Theodore vs. New Orleans Mut. Ins. Assn., 28 La. Ann. 917; Verret vs. Bonvillian, 32 La. Ann. 29; Jackson vs. Michie, 33 La. Ann. 731; Succession of Rhodes, 39 La. Ann. 473; State ex rel. Hibernia Nat'l Bank vs. Judges, 50 La. Ann. 28, 22 So. 972; De Grilleau vs. Boehm, 106 La. 472, 31 So. 74; Nieth Lodge No. 21, I.O.O.F., vs. Vordenbaumen, 111 La. 214, 35 So. 524; Bonnin vs. Town of Crowley, 112 La. 1025, 36 So. 842; Succession of Turgeau, 130 La. 650, 58 So. 497.

"It does not appear whether the district judge ever passed upon the exception to the mode of citation, therefore we do not pass upon it." McAlpin vs. Jones, 10 La. Ann. 552 (553).

Nor can the judgment be attacked collaterally.

In the case of Anheuser vs. McGowan, 49 La. Ann. 630, 29 So. 766, defendant had accepted service of petition and citation on January 20; default was entered January 25, and judgment rendered February 7. A creditor of the defendant attacked the judgment on the ground "that it was an absolute nullity because it was rendered on a default prematurely taken". The court denied relief and said:

"A judgment cannot be impeached in any collateral proceeding on account of errors or irregularities not jurisdictional. In our judgment the premature entry of default is not an illegality going to the jurisdiction."

In this court Judge Martin, for the court, held that a defect in the proceedings occasioned by the want of a judgment by default was not an absolute nullity. Seymour vs. Cooley, 9 La. 72-79.

It is therefore ordered that our previous opinion and decree herein rendered be avoided and set aside, and it is now ordered that the judgment of the District Court rendered herein on February 2, 1925, be affirmed, costs of appeal to be paid by plaintiffs.

---

I concur in above opinion on the authority of Seymour vs. Cooley, 9 La. 72, Anheuser vs. McGowan, 49 La. Ann. 630, and Lindquist vs. Maurepas Land Co., 112 La. 1030.

W. CATESBY JONES,
Judge.