ARONSON v. TAYLOR

DEMORUELLE AND SONS, Third Opponents

---

(January 16, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Sheriffs and Constables—Par. 58; Executory Process—Par. 77; Judicial Sales—Par. 27.

The sheriff is not authorized to collect from the adjudicatee of a judicial sale, the amount of privileged debts which outrank the claim of the seizing creditor, hence an intervenor, claiming a prior lien, is not entitled to participate in the proceeds of the adjudication when it appears that the proceeds are less than the sum due the seizing creditor.

Appeal from Civil District Court. Hon. Porter Parker, Judge.

Action by Morritz Aronson, original plaintiff in executory process and appellant, against Allen B. Taylor, defendant and appellant, and James Demoruelle and Sons, Inc., third opponent and appellee.

There was judgment for third opponent and plaintiff and defendant appealed.

Judgment reversed.

W. O. Hart; Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff and appellant.

Emile Pomes, Chas. J. McCaleb, of New Orleans, attorneys for defendant and appellee.

WESTERFIELD, J. Morritz Aronson, by executory process, caused a certain piece of real estate owned by Allen B. Taylor, his mortgage debtor, to be sold by the Sheriff to J. A. Morales for $3250.00, a sum less by $250.00 than the principal of Aronson's claim. The Sheriff retained his costs and obtained the receipt of Aronson's counsel for the remainder of the price of adjudication. It appears that the purchaser paid in cash the amount due the Sheriff and gave the mortgage creditor his note secured by mortgage on the property for the balance.

At this stage of the proceedings Jas. Demoruelle & Sons, Inc., intervened by rule and asked to be recognized as the holder of a building lien superior in rank to the mortgage of the seizing creditor and that the Sheriff be ordered to pay over to it the sum of $625.28 out of the proceeds of sale "to the exclusion of all other creditors of said property." Among other defenses to this rule the seizing creditor pleaded the exception of no cause of action.

This defense the trial court believed ineffectual, but we are not in accord with that view.

The Sheriff did not and should not collect the amount of any prior liens upon the property. As a matter of fact he received less than was due the mortgage creditor.

In Milliken and Farwell vs. Taft Mercantile Co., 7 La. App. 150, we discussed the appropriate provisions of the Code of Practice, Arts. 679, 683 and 706, and quoted from the leading case of Bacas vs. Hernandez, 31 La. Ann. 85, the following:

"The Sheriff is not authorized to receive from the purchaser of property at a judicial sale the amount of the mortgage or privilege debts which rank the claim of the seizing creditor, and hence the sureties of the Sheriff cannot be held for the amount of such debts received and not accounted for by the Sheriff."

It follows that, if the Sheriff not only was under no obligation to collect the amount of plaintiff's claim, but, on the contrary, was not authorized to do so, if as a matter of fact, he did not collect any amount in excess of, but, on the contrary, less than the sum due the seizing creditor, we cannot see where plaintiff in rule has any standing to complain of his action or to participate in the proceeds which were insufficient to pay the seizing creditor. Whatever rights intervenor may have as against the purchaser of the property are not pertinent to this case and we express no opinion thereon.

For the reasons assigned the rule herein taken by James Demoruelle & Sons must be dismissed at its cost.