## MARY STURGES, Executrix, v. JOHN B. TAYLOR.

Where property, upon which a privilege exists, has been purchased at Sheriff's sale, and after the privileged creditor has obtained judgment against the former owner of the property and a recognition of his privilege, the purchaser pays the amount of the judgment—*Held:* That by Art. 679 of C. P., he was bound to extinguish the judgment, and the fact that he was the vendor of the property, and that it was sold at his suit to pay the purchase price, would not release him from the obligation, and that his payment does not give rise to any subrogation, by operation of law, to the rights of the judgment creditor against the former owner of the property.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Muse & Hardee*, for plaintiff and appellant. *R. L. Bowman*, for appellee.

LAND, J. *J. S. R. Guay*, the testator of the plaintiff, purchased two certain lots of ground, and the improvements thereon, the property of the defendant, at a Sheriff's sale, for the price of five hundred dollars, subject to the payment of the mortgages and privileges existing on the same. At the date of the sale, a privilege existed on the property for the sum of three hundred dollars, in favor of *Stephen Yarborough*, for materials furnished to the defendant, and used in the construction of buildings on the premises. After the Sheriff's sale, *Yarborough* obtained judgment against the defendant, for the amount of his claim, with a recognition of the privilege on the property sold. The amount of this judgment was paid by the plaintiff, as executrix of the purchaser *Guay*, and this suit was instituted by her for the purpose of being subrogated to all the rights of *Yarborough*, in the judgment obtained by him against the defendant.

The Code of Practice declares, that " when there exists a mortgage or privilege on the property put up for sale, the Sheriff shall give notice, before he commences the crying, that the property is sold subject to all privileges and hypothecations, of whatsoever kind they may be, with which the same is burthened, and with the condition that the purchaser shall pay in his hands whatever portion of the price for which the property shall be adjudicated, may exceed the amount of the privileges and special mortgages, to which such property is subjected." Article 679.

It is evident, that it was the duty of the purchaser, under this Article of the

STURGES
*v.*
TAYLOR.
Code of Practice, to have retained in his hands, out of the price for which the property was adjudicated, a sum sufficient to pay the privileged debt in favor of *Yarborough ;* and the fact that he was the vendor of the lots, and that they were sold at his suit, to pay the purchase price, and bought in by himself, did not release him from that obligation. *Diggs* v. *Green,* 15 La. 416.

The payment of the judgment against the defendant by the executrix of the purchaser, was but the performance of his own legal obligation, and did not give rise to any subrogation, by operation of law, to the rights of *Yarborough,* the judgment creditor, in favor of the purchaser or his legal representatives, because he was bound to pay and extinguish the judgment with a portion of the price of the adjudication, or to abandon the property to the privileged creditor for that purpose.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.

MERRICK, C. J., having been of counsel in the case of *Yarborough* v. *Taylor* and *Guay,* declined to sit in this case.