No.——

First Circuit

---

BARILLEAUX v. TOFT
ST. MARY BUILDING ASSOCIATION,
Third Opponent

---

(February 12, 1927. Opinion and Decree.)
(March 8, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest — Mortgages — Par. 214; Subrogation—Par. 10, 12.

The holder of a second mortgage who buys the property on which his mortgage rests at sheriff's sale is not by that sale subrogated to the rights of the holder of the first mortgage, as Article 2161 of the Civil Code does not apply to this case.

2. Louisiana Digest—Sheriffs and Constables—Par. 29.

The payment made by the sheriff after mortgage foreclosure to the holder of a first mortgage is made as agent of the owner of the property and not as agent of the purchaser at the sale.

Appeal from the Parish of St. Mary. Hon. James E. Simon, District Judge.

Action by Pierre Barilleaux against Miss Helen Toft.

St. Mary Building Association, Third Opponent.

There was judgment for third opponent and plaintiff appealed.

Judgment affirmed.

C. J. Boatner and L. O. Pecot, of Franklin, attorneys for plaintiff, appellant.

W. P. Kramer and Paul Kramer, of Franklin, attorneys for third opponent, appellee.

MOUTON, J. On July 29, 1921, the St. Mary Building Association sold a lot of ground with improvements, situated in the parish of St. Mary, to Andrew L. Hoy, having a front on the public road of 163 feet by a depth to Bayou Teche in the rear between parallel lines; also four other parcels of ground for the sum of $3850.00, represented by one promissory note for $350.00, without interest, and by another promissory note for $3500.00 with 8 per cent interest, and 10 per cent attorney's fees in case of suit.

The building association retained a vendor's lien and special mortgage on the property deeded to Hoy to secure the purchase price. The only property involved in this litigation is the lot of ground of 163 feet front running in the rear to Bayou Teche, above referred to.

Later, on January 18, 1922, Andrew L. Hoy executed a mortgage on that lot of ground in favor of Pierre Barilleaux, plaintiff herein. Subsequently to the granting of the mortgage, Andrew L. Hoy sold this property to Miss Helen Toft for $350.00 cash, and the assumption by her of the mortgage of the St. Mary Building Association, the one due Barilleaux and another mortgage, the latter not being connected with this content.

Plaintiff, Barilleaux, took out executory proceedings against Miss Helen Toft, asking for the seizure and sale of the property. The sale was ordered by the District Court. The St. Mary Building Association, whose mortgage claim had been reduced by payment to the sum of $1101.27, intervened in the proceedings, asking to be paid by preference out of the proceeds of sale which had been ordered under the executory proceedings inaugurated by Barilleaux. The sheriff was ordered to sell the property for less than the claim of the building association, with the interest and attorney's fees due thereon, and to retain in his hands a sufficient sum to pay that claim.

As was demanded by Barilleaux, plaintiff, the property was advertised to be sold for cash, and without appraisement, to satisfy his mortgage of $2500.00 which had been assumed by Miss Helen Toft, purchaser of the property from Andrew L. Hoy.

In due course of law, on June 1, 1926, the property was sold at public auction by the sheriff and was adjudicated to Barilleaux, the highest bidder, for $2000.00 cash, and who, as declared in the proces verbal of the sale, complied with his bid. As also declared in the proces verbal, the sheriff retained out of the proceeds of sale the sum of $1232.00 to pay the balance due on the mortgage of the building association, which evidently included the accumulation of interest and attorney's fees. The claim of the building association was therefore paid out of the proceeds which had been realized from the sale of the property.

In answer to the demand of the building association to be paid by preference, plaintiff alleges that at the sale of the property he offered a bid large enough to pay over to the sheriff a sum sufficient to satisfy the mortgage of the building association, which he does not dispute was supe-

rior to his mortgage; also, that he actually paid the sheriff a sum sufficient to pay said mortgage. Basing himself on these allegations, plaintiff asks that the court order the building association to transfer its mortgage note to him without reservation, and with full subrogation to the rights of the association.

This demand was denied by the District Court. Plaintiff appeals.

It will be noted that under the executory proceedings obtained at the instance of plaintiff, the sheriff was ordered to sell the property to satisfy his mortgage of $2500.00 and for cash evidently to the highest bidder; and that, at the instance of the building asociation, he was also ordered by the court to retain, out of the proceeds of that sale, an amount sufficient to pay the building association. Under the order granted plaintiff himself, and the subsequent order that was obtained by the building association, directing the sheriff to retain an amount sufficient to pay the association, it is evident that the sheriff could not have undertaken to accept as a bid from the plaintiff just the amount which was claimed by the association. He sold the property, as he was required to do, and adjudicated it to plaintiff, the highest bidder, for $2000.00, as is shown by his proces verbal. Out of the proceeds of sale the association received payment of its claim by reason of its preference and priority.

Plaintiff contends that he is entitled to subrogation to the rights of the building association under the provisions of Article, Civil Code, 2161. This article entitles a preferred creditor of right to a legal subrogation when he pays another creditor whose claim is preferable to his by reason of his privileges or mortgages. If plaintiff had paid the association, as a preferred creditor, he would have been entitled, under that article, to subrogation to the privilege of the association. He did not, however, make that payment as is required by that article.

The sheriff, acting under the writ, sold the property of Miss Helen Toft upon which the vendor's lien of the association and the junior mortgage of the plaintiff rested. The $2000.00 which the sheriff received was the price of the sale and were the individual funds of Miss Helen Toft, which the sheriff had received for her as a consideration from the adjudicatee or cendee, plaintiff herein. Out of the $2000.00, proceeds of the sale, the mortgage of the association was paid. The payment of this mortgage was therefore made by Miss Toft, through the sheriff, her legal agent, and custodian of the funds. The payment so made by the sheriff can not, by the subtlest reasoning, be rightly construed as a payment made by plaintiff to the building association.

In the case of Randolph vs. Stark, 51 La. Ann. 1121, 26 South. 59, Sentell & Co. had become the adjudicatee of property at an execution sale presenting issues similar in principle to those involved in the instant case, and in which the court, speaking in reference to Sentell Co., the purchaser, said as follows:

"When he paid his bid he paid simply his own debt, for which he received an adequate consideration."

Here, likewise, the plaintiff, in turning the money to the sheriff for his bid, was simply paying his own debt as an equivalent consideration for the property he had acquired by the adjudication. The sheriff, as he was directed to do out of the proceeds he had received, paid the association as the outranking mortgagee and applied the rest of the funds to the mortgage of the plaintiff. We find that the trial court properly denied the legal subrogation claimed by plaintiff.